UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual,<br><br>    Plaintiffs,<br><br> v.<br><br>DISCORD INC., a Delaware company,<br><br>    Defendant. | No. 3:26-cv-05245<br><br>**NOTICE OF REMOVAL**<br><br>Removed from Pierce County Superior Court, Case No. 26-2-06361-9 |

TO:   Clerk, United States District Court for the Western District of Washington;

AND TO:  Plaintiffs and their Attorneys of Record

   Defendant Discord Inc. ("Discord") removes this case, originally filed in the Superior Court of Washington for Pierce County, Case No. 26-2-06361-9 ("State Court Action"), to the U.S. District Court for the Western District of Washington.  Discord removes the case pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the grounds set forth below.

   Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Discord's rights to assert any defense, right, motions, or affirmative defenses, including, but not limited to, defenses concerning venue, jurisdiction, and the right to arbitrate.  No

NOTICE OF REMOVAL - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

statement or omission in this Notice of Removal shall be deemed an admission of any allegations or damages sought in the Complaint.

## I.  THE STATE COURT ACTION

1.  Plaintiffs Colby Taylor, individually and as Personal Representative of the Estate of Jay Taylor, a deceased individual; Leslie Taylor, individually and as Personal Representative of the Estate of Jay Taylor, commenced the State Court Action in the Superior Court of Washington for Pierce County.  Plaintiffs filed the Complaint against Discord on February 19, 2026.  A true and correct copy of the Complaint is attached as **Exhibit A**.

2.  A true and correct copy of all documents filed in the State Court Action are attached as **Exhibit B**.

## II.  REMOVAL IS TIMELY

3.  Plaintiffs served Discord on March 5, 2026.

4.  Removal of this action is timely because Discord files this Notice of Removal within 30 days after the service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).

5.  Because Discord is the only defendant in this case, no consent from any other defendant is necessary for removal. 28 U.S.C. § 1446(b)(2).

## III.  THE STATE COURT ACTION IS REMOVABLE BASED ON DIVERSITY JURISDICTION

6.  This matter is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332(a), which provides in relevant part:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

### A.  Complete Diversity Exists

7.  A civil action is removable if complete diversity exists between the parties and no defendant is a citizen of the state in which an action is brought.  28 U.S.C. §§ 1332 and 1441.

8.  According to the Complaint, Plaintiffs Colby and Leslie Taylor are residents and citizens of Washington.  Ex. A ¶ 34.  Upon information and belief, this was true at both the time

NOTICE OF REMOVAL - 2

of filing of the State Court Action and the time of removal.  Therefore, for purposes of establishing diversity jurisdiction, Plaintiffs are citizens of Washington.  *See* 28 U.S.C. § 1332(a)(1).

9.    Defendant Discord is a Delaware corporation under the laws of Delaware and has its principal place of business in the State of California.  This was true both at the time of the filing of the State Court Action and the time of removal.  Therefore, for the purpose of establishing diversity jurisdiction, Discord is a citizen of California and Delaware.  *See* 28 U.S.C. § 1332(c)(1).

10.    Therefore, complete diversity exists between Plaintiffs and Discord.

**B.    The Amount in Controversy Exceeds $75,000**

11.    To remove an action pursuant to 28 U.S.C. § 1332, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).

12.    In measuring the amount in controversy, a court 'must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).  "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted).

13.    Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions."  *Id.*  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 89.

14.    For purposes of removal only, and without conceding Plaintiffs are entitled to any damages, injunction, attorneys' fees, penalties, equitable monetary remedies, or any remedies

NOTICE OF REMOVAL - 3

whatsoever, the matter in controversy exceeds the jurisdictional minimum of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "potential damages could exceed the jurisdictional amount").

15. Specifically, the State Court Action lists numerous claims against Defendant, seeking compensatory damages. Ex. A ¶ 180. Specifically, Plaintiffs seek damages including, but not limited to, "loss of accumulation of income, funeral expenses, pain and suffering, anxiety, emotional distress, humiliation, and other economic and non-economic damages," "funeral and burial expenses," and "loss of love and companionship." *Id.* ¶¶ 181-83. Plaintiffs assert they "ha[ve] suffered deep anguish in the form of physical, psychological, and emotional trauma" including "depression, anxiety, panic attacks, [and] post-traumatic stress disorder," among other conditions. *Id.* ¶¶ 131-34. Plaintiffs claim their "harm and suffering was made exponentially worse upon learning that others were exploited before and after the death of their child and in the same manner." *Id.* ¶ 135. The amount in controversy for Plaintiffs' claims reasonably exceeds $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1066 (11th Cir. 2010) ("judicial experience and common sense dictate that the value of [wrongful death] claims . . . more likely than not exceeds the minimum jurisdictional requirement"); *see also Dart Cherokee*, 574 U.S. at 81 (notice of removal need only "plausibl[y] alleg[e] that the amount in controversy exceeds the jurisdictional threshold").

16. Therefore, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

**IV.    DISCORD SATISFIES THE REQUIREMENTS OF 28 U.S.C. § 1446**

17. Removal to the U.S. District Court for the Western District of Washington is proper because this Court embraces Pierce County Superior Court, where Plaintiffs filed the State Court Action. 28 U.S.C. § 128(b).

18. In accordance with LCR 101(b)(1), Discord has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as

NOTICE OF REMOVAL - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**Exhibit A**.  A true and correct copy of all other records in the State Court Action are attached hereto as **Exhibit B** and to Discord's contemporaneously filed Verification of State Court Records pursuant to LCR 101(b)(5).

19.    A certificate of service listing all counsel who have appeared in the action and their contact information, including email addresses, is appended to the end of this Notice of Removal pursuant to LCR 101(b)(2).

20.    Discord has also filed a completed Civil Cover Sheet pursuant to LCR 101(b)(4), which the Court's ECF system will automatically append to this Notice of Removal in ECF.

21.    Concurrently with the filing this Notice of Removal, Discord will give written notice to Plaintiffs and will file a copy of this Notice with the Clerk of the Pierce County Superior Court, as required by 28 U.S.C. § 1446(d).

22.    The removal of the State Court Action terminates all potential proceedings in Pierce County Superior Court. See 28 U.S.C. § 1446(d).

Discord gives notice that the above-captioned action is removed from the Pierce County Superior Court to the U.S. District Court for the Western District of Washington.

DATED this 11th day of March, 2026.

DAVIS WRIGHT TREMAINE LLP

By *s/ Ambika Kumar*
　　Ambika Kumar, WSBA #38237

By *s/ Xiang Li*
　　Xiang Li, WSBA #52306

　　920 Fifth Avenue, Suite 3300
　　Seattle, WA 98104-1610
　　Tel:　　206-622-3150
　　Email:　ambikakumar@dwt.com
　　　　　　xiangli@dwt.com

By *s/ Adam S. Sieff*
　　Adam S. Sieff, WSBA # 59792

By *s/ Marcy Blattner Micale*
　　Marcy Blattner Micale (*pro hac vice* forthcoming)

NOTICE OF REMOVAL - 5

350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Tel:      213-633-6800
Email:   adamsieff@dwt.com
            marcymicale@dwt.com

*Attorneys for Defendant Discord Inc.*

NOTICE OF REMOVAL - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, I caused a copy of the foregoing to be served via email on the following counsel of record for Plaintiffs:

Corrie J. Yackulic, WSBA No. 16063
CORRIE YACKULIC LAW FIRM, PLLC
110 Prefontaine Place South, Ste. 304
Seattle, WA 98104
Tel:    (206) 787-1915
Fax:    (206) 299-9725
Email: corrie@cjylaw.com

Carrie Goldberg
Naomi Leeds
C.A. GOLDBERG, PLLC
16 Court Street, 33rd Floor
Brooklyn, New York 11241
Tel:    (646) 666-8908
Email: carrie@cagoldberglaw.com
         naomi@cagoldberglaw.com

*Attorneys for Plaintiffs*

DATED this 11th day of March, 2026.

By *s/ Ambica Kumar*
   Ambika Kumar, WSBA #38237

NOTICE OF REMOVAL - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax