The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual,<br><br>Plaintiffs,<br><br>v.<br><br>DISCORD INC., a Delaware company<br><br>Defendant. | No. 3:26-cv-05245-BHS<br><br>**REPLY IN SUPPORT OF DEFENDANT DISCORD INC.'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**<br><br>**NOTE ON MOTION CALENDAR: June 9, 2026** |

REPLY ISO MOTION TO COMPEL ARBITRATION
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT.................................................................................................... 1

    A.    Plaintiffs' Son Entered a Valid Arbitration Agreement with Discord. ....... 1

        1.    Discord Presented the Terms in a Reasonably Conspicuous Manner. ......................................................................................... 2

        2.    Plaintiffs' Son Manifested Unambiguous Assent to the Terms. ..... 5

    B.    Plaintiffs' Attempts to Challenge the Enforceability of the Terms Fail...... 6

        1.    The Parties Agreed to Delegate Arbitrability................................. 6

        2.    The Issue of Disaffirmance Is Delegated to the Arbitrator. ............ 7

        3.    Plaintiffs' Unconscionability Arguments Are Delegated to the Arbitrator. ..................................................................................... 9

        4.    Plaintiffs' Breach of Contract and Fraudulent Inducement Arguments Are Delegated to the Arbitrator. .................................. 9

    C.    The EFAA Does Not Apply. ...................................................................... 10

    D.    A Stay Is Appropriate and Necessary. ....................................................... 12

III. CONCLUSION ............................................................................................... 12

REPLY ISO MOTION TO COMPEL ARBITRATION - i
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A.C. by & through Carbajal v. Nintendo of Am. Inc.*,
2021 WL 1840835 (W.D. Wash. Apr. 29, 2021) ........................................................................ 7

*Berman v. Financial Freedom Network, LLC*,
30 F.4th 849 (9th Cir. 2022) .................................................................................................. 4, 6

*Bopda v. Comcast of the Dist., LLC*,
2023 WL 6292767 (D. Md. Sept. 27, 2023), *aff'd*, 2024 WL 399081 (4th Cir. Feb. 2, 2024)
.................................................................................................................................................. 11

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) .................................................................................................. 9

*Caremark, LLC v. Chickasaw Nation*,
43 F.4th 1021 (9th Cir. 2022) ................................................................................................... 6

*Castillo v. Altice USA, Inc.*,
698 F. Supp. 3d 652 (S.D.N.Y. 2023) ................................................................................ 11, 12

*Chen v. Sierra Trading Post, Inc.*,
2019 WL 3564659 (W.D. Wash. Aug. 6, 2019) ....................................................................... 2

*Cox v. Ocean View Hotel Corp.*,
533 F.3d 1114 (9th Cir. 2008) .................................................................................................. 9

*Est. of Orbie Coggins ex rel. Brooks v. Wapato Point Mgmt. Co. Health & Welfare Plan*,
22 F. Supp. 3d 1152 (E.D. Wash. 2014) ................................................................................... 8

*Farnham v. Grindr, LLC*,
2025 WL 3062698 (M.D. Fla. Nov. 3, 2025) .......................................................................... 10

*G.G. v. Valve Corp.*,
2017 WL 1210220 (W.D. Wash. Apr. 3, 2017), *vacated in part on other grounds*, 799 F.
App'x 557 (9th Cir. 2020) ......................................................................................................... 8

*J.A. through Allen v. Microsoft Corp.*,
2021 WL 1723454 (W.D. Wash. Apr. 2, 2021), *report & recommendation adopted,* 2021 WL
1720961 (W.D. Wash. Apr. 30, 2021) ...................................................................................... 7

*Lee v. DoNotPay, Inc.*,
683 F. Supp. 3d 1062 (C.D. Cal. 2023) .................................................................................... 4

*Leon Perez v. Garland*,
105 F.4th 1226 (9th Cir. 2024) ............................................................................................... 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*M.D. v. Verizon Commc'ns Inc.*,
   2025 WL 2712831 (E.D.N.C. Sept. 23, 2025) ........................................................................ 10

*Melendez v. Ethical Culture Fieldston School*,
   789 F. Supp. 3d 316 (S.D.N.Y. 2025) ....................................................................................... 8

*MHHC Warranty & Servs. Inc. v. Consumer Priority Serv. Corp.*,
   2025 WL 2933827 (W.D. Wash. Sept. 26, 2025) ................................................................... 10

*Microsoft Corp. v. Eutsey*,
   2006 WL 8454829 (W.D. Wash. Apr. 6, 2006) ........................................................................ 8

*N.A. v. Nintendo of America, Inc.*,
   2023 WL 8587628 (N.D. Cal. Dec. 11, 2023) .......................................................................... 7

*Newcombe-Dierl v. Amgen*,
   2022 WL 3012211 (C.D. Cal. May 26, 2022) ........................................................................... 7

*Nguyen v. Barnes & Noble Inc.*,
   763 F.3d 1171 (9th Cir. 2014) ................................................................................................... 6

*Nken v. Holder*,
   556 U.S. 418 (2009) ................................................................................................................. 12

*Oberstein v. Live Nation Ent., Inc.*,
   2021 WL 4772885 (C.D. Cal. Sept. 20, 2021), *aff'd*, 60 F.4th 505 (9th Cir. 2023) ......... 2, 4, 5

*Oberstein v. Live Nation Ent., Inc.*,
   60 F.4th 505 (9th Cir. 2023) ............................................................................................ 2, 3, 4, 5

*Patrick v. Running Warehouse, LLC*,
   2022 WL 10584136 (C.D. Cal. Oct. 18, 2022), *aff'd*, 93 F.4th 468 (9th Cir. 2024) ............ 4, 5

*Patrick v. Running Warehouse, LLC*,
   93 F.4th 468 (9th Cir. 2024) ..................................................................................................... 9

*Pizarro v. QuinStreet, Inc.*,
   2022 WL 3357838 (N.D. Cal. Aug. 15, 2022) .......................................................................... 3

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967) ................................................................................................................... 9

*Rent-A-Center, W., Inc. v. Jackson*,
   561 U.S. 63 (2010) ............................................................................................................. 7, 8, 9

*Reynolds v. Safeway, Inc.*,
   2023 WL 2560853 (W.D. Wash. Mar. 17, 2023) ...................................................................... 6

*Saeedy v. Microsoft Corp.*,
   757 F. Supp. 3d 1172 (W.D. Wash. 2024) .......................................................................... 2, 5

REPLY ISO MOTION TO COMPEL ARBITRATION - iii
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Sandler v. Modernizing Med., Inc.*,
   170 F.4th 1209 (9th Cir. 2026)................................................................................................ 6, 9

*Schoenduve Corp. v. Lucent Techs., Inc.*,
   442 F.3d 727 (9th Cir. 2006)....................................................................................................... 6

*Slaviero v. Baby List, Inc.*,
   2026 WL 1097746 (N.D. Cal. Apr. 22, 2026) ...................................................................... 3, 7

*Smiles Servs. LLC v. Frye*,
   2023 WL 6066683 (W.D. Wash. Sept. 18, 2023) .................................................................... 12

*Tu v. Experian Info. Sols., Inc.*,
   2025 WL 1134612 (S.D. Cal. Apr. 16, 2025) ........................................................................... 5

*United Ass'n Loc. Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.*,
   2011 WL 130335 (W.D. Wash. Jan. 14, 2011) ......................................................................... 9

*United States v. Berry*,
   814 F.3d 192 (4th Cir. 2016).................................................................................................... 11

*United States v. Butler*,
   65 F.4th 199 (5th Cir. 2023)..................................................................................................... 11

*Williams v. Moon Active Ltd.*,
   811 F. Supp. 3d 1079 (N.D. Cal. Dec. 9, 2025) ....................................................................... 8

**State Cases**

*B.D. v. Blizzard Ent., Inc.*,
   76 Cal. App. 5th 931 (2022)........................................................................................................ 2

*Berg v. Traylor*,
   148 Cal. App. 4th 809 (2007)...................................................................................................... 8

*Est. of McGuigan*, 83 Cal. App. 4th 639 (2000), *as modified on denial of reh'g* (Oct. 3, 2000)
   ....................................................................................................................................................... 8

*Grimsley v. Patterson Co.*,
   2023 WL 7327720 (Tenn. Ct. App. Nov. 7, 2023) .................................................................. 12

*J.R. v. Electronic Arts*,
   98 Cal. App. 5th 1107 (2024)................................................................................................. 7, 8

*Mahram v. Kroger Co.*,
   104 Cal. App. 5th 303 (2024)............................................................................................. 2, 4, 5

**Federal Statutes**

9 U.S.C. § 401(3) ............................................................................................................................ 11

REPLY ISO MOTION TO COMPEL ARBITRATION - iv
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

9 U.S.C. § 402(a)......................................................................................................... 10, 11

18 U.S.C. § 2246(2)(D) ...................................................................................................... 11

18 U.S.C. § 2246(3) ........................................................................................................... 11

**State Statutes**

Cal. Fam. Code § 6710........................................................................................................ 9

RCW 26.28.030............................................................................................................... 8, 9

RCW 26.28.040.................................................................................................................. 8

**Other Authorities**

JAMS Comprehensive Arbitration Rules & Procedures: Rule 11(b) (June 1, 2021) .................... 6

JAMS Comprehensive Arbitration Rules & Procedures: Rule 11(b) (July 1, 2014) ..................... 7

Clyde Hughes & Daniel Uria,
    *Biden signs bill ending forced arbitration for sexual assault, harassment cases*, UPI (Mar. 3, 2022), https://perma.cc/776W-FA3K....................................................................................... 11

REPLY ISO MOTION TO COMPEL ARBITRATION - v
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.   INTRODUCTION

Discord's Motion established that Jay Taylor had adequate notice of and assented three times to Discord's Terms.  While the circumstances of this case are tragic, settled rules and the undisputed evidence compel the conclusion that a contract was formed and that the claims brought on Jay Taylor's behalf belong in arbitration.

***First***, Plaintiffs concede Jay Taylor had capacity to contract under state law.  They do not meaningfully contest Discord's evidence showing it displayed the Terms in a reasonably conspicuous manner.  Nor do they dispute Discord's evidence showing that, to create his three accounts, he must have accepted the Terms.

***Second***, Plaintiffs have not addressed precedent confirming that the text of the Terms evinces the parties' clear and unmistakable intent to delegate issues of arbitrability—including enforceability—to the arbitrator.  Their challenges based on disaffirmance, unconscionability, breach of contract, and fraudulent inducement all raise disputes about the contract as a whole that an arbitrator must resolve in the first instance.  These arguments also fail on the merits.

***Third***, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") does not apply.  Congress enacted the EFAA to protect survivors of sexual assault or harassment in disputes with their assailants or employers.  Discord is neither.  The Complaint does not allege a "sexual assault dispute" as defined by the statute because no sexual act or contact is alleged.  Regardless, the EFAA does not apply retroactively to this dispute.

***Finally***, a discretionary stay of the non-arbitrable claims is necessary.  All of the claims arise from the same set of facts.  Allowing parallel proceedings would be inefficient, risk inconsistent outcomes, and undermine the purpose of the arbitration agreement.

## II.   ARGUMENT

### A.   Plaintiffs' Son Entered a Valid Arbitration Agreement with Discord.

Plaintiffs' son entered a valid arbitration agreement by agreeing to Discord's Terms on three separate occasions, including in January 2022 when he was thirteen years old. Mot. at 6–7. Plaintiffs do not deny that their son created those accounts or that he proceeded through the account creation process described in Discord's Motion. *Id.* at 1–7.  Nor do Plaintiffs dispute that their son

REPLY ISO MOTION TO COMPEL ARBITRATION - 1
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

had the legal capacity to contract. *Id.* at 11–12. Instead, Plaintiffs challenge whether Discord provided sufficient notice of the Terms and whether Plaintiffs' son understood that he was assenting to the Terms. Both arguments fail.

**1.    Discord Presented the Terms in a Reasonably Conspicuous Manner.**

In deciding whether an agreement provides sufficient notice, courts look to what a "reasonably prudent Internet user" would have seen. *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1195 (W.D. Wash. 2024) (quoting *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 515 (9th Cir. 2023)). This is an objective test, not a subjective one based on the user's age, intellect, or experience. *See Oberstein*, 60 F.4th at 513; *Chen v. Sierra Trading Post, Inc.*, 2019 WL 3564659, at *2 (W.D. Wash. Aug. 6, 2019).[1]

Discord's process meets this test. In each account creation screen, *see* Robbins Decl. Exs. A–D, notice language appears in a "font size and format such that the court can fairly assume that a reasonably prudent internet user would have seen it." *Oberstein*, 60 F.4th at 515 (citation omitted). Plaintiffs' claim the font used is "so small it requires squinting," Opp. at 7, is self-evidently wrong. In each instance, the text is of a comparable size to the surrounding language. Further, each hyperlink is "conspicuously distinguished" from the surrounding text, *Oberstein*, 60 F.4th at 516, either using contrasting colors or underlining. Where the notice language is gray against a black background, the hyperlink is in bright white or blue and appears directly below where the user must enter a username. Robbins Decl. Exs. A, C–D. And where the notice language is in a blue backdrop, the language is in a white font, the text is underlined, the font size is large, the hyperlink appears immediately below where the user must input a username, and the notice is in an uncluttered space that immediately draws the eye. *Id.* Ex. B.

Courts recognize similar designs provide users reasonably conspicuous notice. *See Oberstein v. Live Nation Ent., Inc.*, 2021 WL 4772885, at *2, *7 (C.D. Cal. Sept. 20, 2021), *aff'd*, 60 F.4th 505 (9th Cir. 2023) (notice in comparable font size; hyperlinks in contrasting color and not underlined); *Saeedy*, 757 F. Supp. 3d at 1190, 1195 (same); *Mahram v. Kroger Co.*, 104 Cal.

---

[1] Whether a minor received actual notice of the Terms, Opp. at 6, is irrelevant: the constructive notice standard applies to adults and minors. *See, e.g.*, *B.D. v. Blizzard Ent., Inc.*, 76 Cal. App. 5th 931, 934, 951-54 (2022).

REPLY ISO MOTION TO COMPEL ARBITRATION - 2
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

App. 5th 303, 306, 309, 314 (2024) (same); *Pizarro v. QuinStreet, Inc.*, 2022 WL 3357838, at *3 (N.D. Cal. Aug. 15, 2022) (notice sufficient where hyperlinks underlined and not in contrasting color). Indeed, because users "can expect to visit [Discord] many times," they "expect[] that the relationship will be governed by contractual terms, which weighs in favor of finding inquiry notice of the Terms of Use." *Slaviero v. Baby List, Inc.*, 2026 WL 1097746, at *2–3 (N.D. Cal. Apr. 22, 2026) (enforcing "sign-in wrap" agreement).

Discord's design is materially the same as the account creation page in *Oberstein* that the Ninth Circuit found "provided reasonably conspicuous notice of the Terms to which [plaintiffs] unambiguously manifested assent." *Oberstein*, 60 F.4th at 517.

**Example of Discord's account creation screen**



Robbins Decl. ¶ 9; *see also id.* ¶¶ 8, 10–11.

REPLY ISO MOTION TO COMPEL ARBITRATION - 3
Case No. 3:26-cv-05245-BHS

**Example of account creation screen in *Oberstein***

Answering Brief at 6–7, *Oberstein*, 2022 WL 1096896 (original image of appellees' brief available for PDF download in top left corner).  Contrary to Plaintiffs' assertions, Discord's notice language does not "fade into the background of a visually busy registration page."  Opp. at 7.

Plaintiffs rely on *Berman v. Financial Freedom Network, LLC*, 30 F.4th 849 (9th Cir. 2022), which is distinguishable.  There, the notice language appeared "in a tiny gray font" between much larger design elements on a busy webpage with multiple font colors.  *Id.* at 856–57.

Plaintiffs are also wrong that Discord was required to use a pop-up or checkbox.  Opp. at 3, 5.  Courts regularly find sufficient notice of terms presented via a hyperlink adjacent to the action button—just as Discord's Terms are displayed.  *See, e.g.*, *Oberstein*, 2021 WL 4772885, at *2, *7; *Patrick v. Running Warehouse, LLC*, 2022 WL 10584136, at *1, 6 (C.D. Cal. Oct. 18, 2022), *aff'd*, 93 F.4th 468 (9th Cir. 2024); *Mahram*, 104 Cal. App. 5th at 306, 309, 314; *Lee v. DoNotPay, Inc.*, 683 F. Supp. 3d 1062, 1070, 1075–76 (C.D. Cal. 2023).

Finally, Plaintiffs' evidentiary challenge—that Discord must prove "precisely what [their son] saw," Opp. at 6—lacks support.  Discord provided screenshots and sworn testimony of all

REPLY ISO MOTION TO COMPEL ARBITRATION - 4
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

possible account-creation pages during the times their son made his three accounts, and each page required clicking an action button next to the hyperlinked Terms.  Mot. at 1–4; Robbins Decl. ¶¶ 7–11 & Exs. A-D.  Whether Plaintiffs' son used the home or the registration page, the outcome is the same: he manifested assent.

Courts regularly compel arbitration based on screenshots from the approximate time the plaintiff created his account.  *See, e.g.*, *Saeedy*, 757 F. Supp. 3d at 1191 (relying on "visual ***examples*** of the account creation process at times in close proximity to when [plaintiffs] created their accounts") (emphasis added); *see also, e.g.*, *Patrick*, 2022 WL 10584136, at \*1 (similar); *Oberstein*, 2021 WL 4772885, at \*2 (similar).  Plaintiffs' sole authority helps Discord: that court "join[ed] numerous other courts" in holding defendants need not provide a witness with personal knowledge of what specific users saw; instead, a declaration detailing the version of the agreement to which the plaintiff agreed and the path they took to assent was sufficient.  *See Tu v. Experian Info. Sols., Inc.*, 2025 WL 1134612, at \*7 (S.D. Cal. Apr. 16, 2025).

Finally, Plaintiffs have not submitted any countervailing evidence or attempted to show that the evidence Discord submitted is inaccurate or incomplete.  That deficiency is fatal.  *See Saeedy*, 757 F. Supp. 3d at 1193 (rejecting identical argument where plaintiffs "offer[ed] no more than conclusory assertions as to the authenticity or reliability of" defendant's screenshots).

**2.    Plaintiffs' Son Manifested Unambiguous Assent to the Terms.**

The account creation pages each feature a sign-in wrap agreement, which "include[s] a textual notice that a user will be bound by the terms of use either by creating or logging in to an account … but do[es] not require a user to review the terms and conditions or otherwise manifest their assent."  *Id.* at 1189 (citation & internal quotation marks omitted).  A user manifests unambiguous assent to such an agreement in choosing to create an account or log in after the notice is displayed.  *Oberstein*, 60 F.4th at 516.  Plaintiffs do not, and cannot, dispute that no matter what page their son saw, he unambiguously manifested his assent by choosing to proceed and create his accounts.  *See Mahram*, 104 Cal. App. 5th at 309 (assent shown because plaintiff did dispute sign-in wrap was "the only way to sign up"); Robbins Decl. Exs. A-D (materially identical).

REPLY ISO MOTION TO COMPEL ARBITRATION - 5
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs' cases are inapposite. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177–78 (9th Cir. 2014), involved browsewrap agreement, which required no affirmative act like creating a username or clicking a button to proceed. In *Berman*, the notice language did not "explicitly notify a user of the legal significance" of clicking the action button because it merely said "I understand and agree to the Terms & Conditions." 30 F.4th at 858. By contrast, Discord's notice language was crystal clear, stating: "***By registering***, you agree to Discord's Terms of Service and Privacy Policy." Robbins Decl. Exs. A–D (emphasis added).[2]

### B.    Plaintiffs' Attempts to Challenge the Enforceability of the Terms Fail.

The only question before the Court is whether there is a valid agreement between the parties that delegates arbitrability to the arbitrator. Mot. at 8 (citing cases). The answer is yes, because (a) Jay Taylor assented to the Terms; and (b) the Terms incorporate the JAMS Rules, which state that all arbitrability disputes are delegated to the arbitrator. JAMS Rule 11(b); Robbins Decl. Ex. G. Challenges to the enforceability of an arbitration agreement are "arbitrability disputes." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022). Plaintiffs' arguments based on disaffirmance, unconscionability, breach of contract, or fraudulent inducement are for the arbitrator, not the Court. Each also fails on the merits.

### 1.    The Parties Agreed to Delegate Arbitrability.

Plaintiffs do not cite contrary authority to, let alone address, controlling precedent holding that incorporation of the JAMS Rules constitutes clear and unmistakable evidence that the parties agreed to delegate arbitrability issues. *See* Mot. at 11 (citing *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024); *Sandler v. Modernizing Med., Inc.*, 170 F.4th 1209, 1212 (9th Cir. 2026)). Plaintiffs cite no authority to suggest this principle only applies to contracts with "a sophisticated commercial party." Opp. at 13. In fact, courts have applied the principle to cases involving typical consumers. *See Sandler*, 170 F.4th at 1211 (employment contract); *Reynolds v. Safeway, Inc.*, 2023 WL 2560853, at *4 (W.D. Wash. Mar. 17, 2023) (consumer contract).

---

[2] Plaintiffs' criticisms of arbitration, Opp. at 1, run afoul of "long-settled jurisprudence" recognizing the FAA's purpose to encourage arbitration as an "alternative dispute resolution outside the courtroom." *Schoenduve Corp. v. Lucent Techs., Inc*., 442 F.3d 727, 730–31 (9th Cir. 2006).

REPLY ISO MOTION TO COMPEL ARBITRATION - 6
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs' argument that "[t]he JAMS rules in effect at some future date could not logically be accessible to Jay," Opp. at 12–13, is of no practical consequence because the text of JAMS Rule 11(b) has remained the same since at least 2014. *Compare* JAMS Comprehensive Arbitration Rules & Procedures (effective July 1, 2014), https://jamsadr.widen.net/s/mjlxs9rrkm/jams_comprehensive_arbitration_rules-2014, *with* Robbins Decl. Ex. G.  Plus, courts routinely enforce arbitration provisions that incorporate the JAMS Rules "in effect" at some future date. *See, e.g.*, *Slaviero*, 2026 WL 1097746, at *6; *Newcombe-Dierl v. Amgen*, 2022 WL 3012211, at *5 (C.D. Cal. May 26, 2022) (rejecting similar argument given that delegation provision existed "in exactly the same form and substance as when [plaintiff] signed the Arbitration Agreement").

### 2.    The Issue of Disaffirmance Is Delegated to the Arbitrator.

Plaintiffs argue that disaffirmance is a question of contract formation, rather than enforceability, and that any disaffirmance "voids the entire contract *ab initio*." Opp. at 10.  But courts have repeatedly held that disaffirmance is an ***enforceability*** question encompassed by delegating arbitrability issues to the arbitrator. *See, e.g.*, *A.C. by & through Carbajal v. Nintendo of Am. Inc.*, 2021 WL 1840835, at *2 (W.D. Wash. Apr. 29, 2021); *J.A. through Allen v. Microsoft Corp.*, 2021 WL 1723454, at *9 (W.D. Wash. Apr. 2, 2021), *report & recommendation adopted*, 2021 WL 1720961 (W.D. Wash. Apr. 30, 2021); *see also* Mot. at 12 (collecting cases).  For example, in *N.A. v. Nintendo of America, Inc.*, 2023 WL 8587628, at *4 (N.D. Cal. Dec. 11, 2023), the court rejected a similar argument, holding that "the issue of disaffirmation does not relate to contract formation; rather, it goes to whether the User Agreement is enforceable."  Because the parties agreed to delegate enforceability issues, disaffirmance was for the arbitrator. *Id.*[3]

Plaintiffs' reliance on *J.R. v. Electronic Arts*, 98 Cal. App. 5th 1107, 1110–11 (2024), is misplaced: that state case is an outlier, has no persuasive value here, and conflicts with the Supreme Court's decision in *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67–69 (2010).  As courts have

---

[3] Plaintiffs also wrongly claim that Discord agrees "it is for the Court to determine whether an arbitration agreement was disaffirmed." *Compare* Opp. at 10 (emphasis omitted), *with* Mot. at 11–12.

REPLY ISO MOTION TO COMPEL ARBITRATION - 7
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

explained, *J.R.* failed to "apply *Rent-A-Center*'s distinction between 'specific' challenges to a delegation clause, which are properly decided by a court, versus challenges to a contract 'as a whole,' which may be properly and exclusively delegated to an arbitrator." *Williams v. Moon Active Ltd.*, 811 F. Supp. 3d 1079, 1085 (N.D. Cal. Dec. 9, 2025) (citation omitted) (refusing to apply *J.R.* and holding that disaffirmance defense is delegable).[4]  Here, Plaintiffs assert that "***the entire agreement*** has been disaffirmed." Opp. at 9 (emphasis added).  Because that argument does not "specifically" challenge the delegation language, the Court's analysis ends.  *Rent-A-Ctr.*, 561 U.S. at 72.  Even if the Court were to reach the merits, Plaintiffs' arguments still fail.

*First*, Discord's business records show that Jay Taylor entered a birthdate indicating he was an adult when registering for each of his accounts. Supp. Robbins Decl. ¶¶ 2–3.  Washington law prohibits a minor from "disaffirm[ing] a contract where he has affirmatively misrepresented his age." *Microsoft Corp. v. Eutsey*, 2006 WL 8454829, at *2 (W.D. Wash. Apr. 6, 2006) (citing RCW 26.28.040).  This bar extends to the estate.  *Est. of Orbie Coggins ex rel. Brooks v. Wapato Point Mgmt. Co. Health & Welfare Plan*, 22 F. Supp. 3d 1152, 1156 (E.D. Wash. 2014); *Est. of McGuigan*, 83 Cal. App. 4th 639, 653 n.11 (2000) (administrator of estate "stands in the shoes of, and for the purposes of litigation possesses the same but no greater rights, than the [decedent]") (cleaned up), *as modified on denial of reh'g* (Oct. 3, 2000).  Because Jay Taylor could not have disaffirmed the Terms during his lifetime, Plaintiffs cannot do so on his behalf now.

*Second*, none of the other mechanisms Plaintiffs identify—death or filing suit—is a means for disaffirmance.  As Plaintiffs acknowledge, California law requires "an act or declaration disclosing an unequivocal intent to repudiate its binding force and effect." *Berg v. Traylor*, 148 Cal. App. 4th 809, 820 (2007) (citation omitted).  So, too, does Washington law.  *See* RCW 26.28.030 (disaffirmance must be evidenced affirmatively).  No such act occurred here.  Jay Taylor undisputedly made no act or declaration of disaffirmance before January 14, 2022.  To the contrary, the Complaint alleges he continued to use Discord through that date. Compl. ¶¶ 107–114.  *See G.G. v. Valve Corp.*, 2017 WL 1210220, at *3 (W.D. Wash. Apr. 3, 2017) (continued use of service

---

[4] The same flaw is present in Plaintiffs' reliance on *Melendez v. Ethical Culture Fieldston School*, 789 F. Supp. 3d 316 (S.D.N.Y. 2025).  *See Williams*, 811 F. Supp. 3d at 1085 (concluding that *Melendez*'s reasoning "contradicts Ninth Circuit precedent").

REPLY ISO MOTION TO COMPEL ARBITRATION - 8
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

evidences *opposite* of intent to disaffirm), *vacated in part on other grounds*, 799 F. App'x 557 (9th Cir. 2020).  Neither Washington nor California law provides that a minor's death constitutes disaffirmance.  *See* RCW 26.28.030; Cal. Fam. Code § 6710.  The cases holding that filing suit can effectuate disaffirmance are inapposite, *see* Opp. at 9 n.2, as none involved heirs or personal representatives filing on a decedent's behalf.

### 3.    Plaintiffs' Unconscionability Arguments Are Delegated to the Arbitrator.

The issues of unconscionability are also delegated to the arbitrator because they are challenges to the enforceability of the Terms "as a whole."  *See Rent-A-Ctr.*, 561 U.S. at 72; *see also Sandler*, 170 F.4th at 1212 (unconscionability challenge was a question for the arbitrator in light of delegation provision); *Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015) (same).

Even on the merits, Plaintiffs fail to show that the incorporation of the JAMS Rules within the Terms is unconscionable.  Their only argument that there is no standalone delegation clause, Opp. at 14, is irrelevant.  The Terms' incorporation of the JAMS Rules has the same effect as an express delegation clause.  *See Patrick*, 93 F.4th at 481; *Sandler*, 170 F.4th at 1212.  Discord was not required to "annex[], quote[], or hyperlink[]" to the JAMS Rules, Opp. at 14, to incorporate them by reference.  *See Patrick*, 93 F.4th at 481.

### 4.    Plaintiffs' Breach of Contract and Fraudulent Inducement Arguments Are Delegated to the Arbitrator.

Plaintiffs cannot avoid arbitration by arguing that Discord materially breached the Terms or fraudulently induced assent.  Opp. at 11–12.  Again, challenges to "the contract as a whole" are for the arbitrator.  *See Rent-A-Ctr.*, 561 U.S. at 72; *United Ass'n Loc. Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.*, 2011 WL 130335, at *4 (W.D. Wash. Jan. 14, 2011) ("claim of fraudulent inducement … in general will not avoid the arbitration clause").  Plaintiffs' authorities *support* that conclusion.  *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967) (fraudulent inducement claims concerning whole contract are for the arbitrator); *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (challenges to contract as a whole are for arbitrator).

REPLY ISO MOTION TO COMPEL ARBITRATION - 9
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Further, even if the Court were to reach the merits, Plaintiffs have not adequately supported either claim. Plaintiffs do not plead but now claim that Discord breached the Terms by failing to prevent third-party misconduct but fail to identify any provision of the Terms that imposes such a duty. And they present no evidence sufficient to support their new allegations of fraudulent inducement. *MHHC Warranty & Servs. Inc. v. Consumer Priority Serv. Corp.*, 2025 WL 2933827, at *3 (W.D. Wash. Sept. 26, 2025) (compelling arbitration given lack of "record evidence" of fraudulent inducement).

### C.    The EFAA Does Not Apply.

The EFAA bars arbitration in limited circumstances not present here. Under the EFAA, a plaintiff may render unenforceable a "predispute arbitration agreement" if his lawsuit relates to alleged "conduct constituting a sexual harassment dispute or a sexual assault dispute." 9 U.S.C. § 402(a). Because Plaintiffs implicitly concede that there is no "sexual harassment dispute," Opp. at 18–19, they must show a predicate "sexual assault dispute" to which this case could "relate" arising after the EFAA's enactment. They have failed to do so.

*First*, Plaintiffs' allegations do not fall within the EFAA's intended scope. Plaintiffs' dispute concerns whether Discord should have done more to screen users, ***not*** whether a sexual assault occurred. Consider this analogy: if a plaintiff sued a carmaker after a drunk driver injured him, the existence of drunk driving in the factual background would not create a "drunk driving dispute" between the plaintiff and the carmaker. The carmaker's liability would turn on vehicle design and safety features. So too here. Plaintiffs do not cite a single case where the EFAA reached claims like theirs.

Courts recognize that the EFAA "was primarily intended to preclude arbitration in employment disputes," or else where a consumer was assaulted at a business. *Farnham v. Grindr, LLC*, 2025 WL 3062698, at *2 (M.D. Fla. Nov. 3, 2025) (EFAA inapplicable to user's suit based on injuries from dating app's alleged failure to screen other users); *M.D. v. Verizon Commc'ns Inc.*, 2025 WL 2712831, at *2 (E.D.N.C. Sept. 23, 2025) (EFAA inapplicable to user's suit alleging that Verizon disclosed her phone number to a stalker who then sexually harassed her). This reading fits the legislative history. Congress enacted the EFAA to ensure sexual assault survivors could

REPLY ISO MOTION TO COMPEL ARBITRATION - 10
Case No. 3:26-cv-05245-BHS

pursue their assailants and employers in open court—not to broadly abrogate arbitration where, as here, allegations of third-party conduct are not an element of any asserted claim.  *See, e.g.*, Clyde Hughes & Daniel Uria, *Biden signs bill ending forced arbitration for sexual assault, harassment cases*, UPI (Mar. 3, 2022), https://perma.cc/776W-FA3K (Statement of Sen. Gillibrand (D-N.Y.); "bill is one of the most significant workplace reforms in the last 50 years").

*Second*, Plaintiffs do not allege a predicate "sexual assault dispute," defined as those "involving a nonconsensual sexual act or sexual contact."  9 U.S.C. § 402(a); 9 U.S.C. § 401(3). A "sexual act" requires *in-person* physical contact.  *See* 18 U.S.C. § 2246(2)(D) (covering "the intentional touching ... of the genitalia of another person") (emphasis added);  *Leon Perez v. Garland*, 105 F.4th 1226, 1231 (9th Cir. 2024) (a "sexual act" requires "actual physical contact"); *United States v. Berry*, 814 F.3d 192, 200 (4th Cir. 2016) (same).  That provision does not apply here because the Complaint does not allege a predicate physical act between any third parties and Plaintiffs' son.  Nor does the Complaint allege "sexual contact" as defined by § 2246(3). Allegations that the suicide sexually aroused a third party, Compl. ¶ 114, while horrific, do not satisfy the statute, which requires "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks." 18 U.S.C. § 2246(3).  Some courts have interpreted this statute to encompass certain acts of masturbation, *see, e.g.*, *United States v. Butler*, 65 F.4th 199, 203 (5th Cir. 2023), but the Complaint does not allege any such act, Compl. ¶ 114.

*Third*, the EFAA applies only if the "dispute or claim ... arises or accrues on or after" the statute's March 3, 2022, enactment date.  Pub. L. No. 117-90, 136 Stat. 28.  Plaintiffs' son died six weeks before that date.  Compl. ¶ 25.  Plaintiffs concede that the claims at issue—the survivor claims brought on behalf of the estate—accrued at the time of his death.  *See* Opp. at 19 (admitting "some claims accrued earlier" than March 2022).  To dodge this temporal limitation, Plaintiffs argue this dispute only arose after they filed suit in 2026. Opp. at 19–20.  But an EFAA "dispute arises when the conduct which constitutes the alleged sexual assault or sexual harassment occurs." *Castillo v. Altice USA, Inc.*, 698 F. Supp. 3d 652, 656–57 (S.D.N.Y. 2023) (citation omitted); *Bopda v. Comcast of the Dist., LLC*, 2023 WL 6292767, at *3 (D. Md. Sept. 27, 2023) (EFAA did not apply to claims based on employment that ended several months before March 2022), *aff'd*,

REPLY ISO MOTION TO COMPEL ARBITRATION - 11
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

2024 WL 399081 (4th Cir. Feb. 2, 2024).  The EFAA's reference to when a dispute "arises" does not permit a plaintiff to bring pre-enactment claims simply by filing suit post-enactment.  To hold otherwise would vitiate the temporal limitation and "mean that the applicability of the EFAA would hinge not on when a dispute arose or a claim accrued, as the statute dictates, but rather on when a litigant chose to file a formal administrative charge or complaint."  *Castillo*, 698 F. Supp. 3d at 657; *Grimsley v. Patterson Co.*, 2023 WL 7327720, at \*4 (Tenn. Ct. App. Nov. 7, 2023) (examining "at least ten different reasons" why the filing date does not control the applicability of the EFAA).

### D.    A Stay Is Appropriate and Necessary.

Plaintiffs do not meaningfully dispute that the estate's survivor claims are subject to arbitration.  And the parties agree that Plaintiffs' individual wrongful death claims are not.  The only issue for the Court is whether to stay the wrongful death claims pending arbitration.  It should: the survivor and wrongful death claims arise from identical facts and turn on the same threshold question about Discord's liability.  *Smiles Servs. LLC v. Frye*, 2023 WL 6066683, at \*2 (W.D. Wash. Sept. 18, 2023) (staying non-arbitrable claims "inherently inseparable" from arbitrable claims).[5]  If Discord prevails on this threshold issue, it cannot be held liable for any wrongful death claims for loss of companionship and lost future earnings.  Allowing both proceedings to advance simultaneously risks inconsistent determinations on identical factual and legal issues and permits Plaintiffs to relitigate in court what the arbitration agreement commits to arbitration.

### III.    CONCLUSION

Discord respectfully requests an order granting its Motion.

---

[5] The standard from *Nken v. Holder*, 556 U.S. 418 (2009) (Opp. at 18), is irrelevant to the question of whether a discretionary stay is warranted in a case involving arbitrable and non-arbitrable claims. *See* Mot. at 12–14.

REPLY ISO MOTION TO COMPEL ARBITRATION - 12
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Dated: June 9, 2026                          DAVIS WRIGHT TREMAINE LLP


By: *s/ Ambika Kumar*
        Ambika Kumar
Ambika Kumar, WSBA #38237
Xiang Li, WSBA #52306
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: 206.622.3150
Email:  ambikakumar@dwt.com
            xiangli@dwt.com


Adam S. Sieff, WSBA #59792
Marcy Blattner Micale (*pro hac vice*)
Sam F. Cate-Gumpert (*pro hac vice*)
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: 213.633.6800
Email:  adamsieff@dwt.com
            marcyblattnermicale@dwt.com
            samcategumpert@dwt.com

*Attorneys for Defendant Discord Inc.*

*I certify that this memorandum contains 4,199 words, in compliance with the Local Civil Rules.*

REPLY ISO MOTION TO COMPEL ARBITRATION - 13
Case No. 3:26-cv-05245-BHS