HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLBY TAYLOR, individually and as a
personal representative of the ESTATE OF
JAY TAYLOR, a deceased individual; LESLIE
TAYLOR; individually and as a personal
representative of the ESTATE OF JAY
TAYLOR, a deceased individual

     Plaintiffs,

 vs.

DISCORD INC., a Delaware company,

     Defendant(s).

No. 3:26-cv-05245-BHS

**JOINT STATUS REPORT
PURSUANT
RULE 26(f)**

Pursuant to this Court's Notice dated March 23, 2026 (Doc 14), Plaintiffs Colby Taylor and Leslie Taylor individually and as personal representatives of the Estate of Jay Taylor (collectively, "Plaintiffs") and Discord Inc. (Defendant), (altogether, "the Parties") hereby jointly report to the Court. The parties met and conferred for this Report on June 17, 2026. The initial scheduling dates have been adjusted based on the intensive briefing that the parties just completed on June 9, 2026 pertaining to Defendant's Motion to Dismiss and Defendant's Motion to Compel Arbitration.

**1.  Statement of the nature and complexity of the claims.**

Plaintiffs' Statement: Plaintiffs claim Discord, a social media app, is liable for the death of their 13 year old child, Jay, on the basis that its defective design, manufacturing, marketing,

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 1

failures to warn, and overall negligent lack of safety response infrastructure enabled the 764 child abuse cult to grow and thrive, resulting in a leader of this cult targeting Jay and manipulating him into suicide. Plaintiffs allege that Discord had repeated actual and explicit knowledge of the 764 cult and made the intentional business decision to have a grossly inadequate safety infrastructure, especially on the unsupervised small servers where 764 thrived. Plaintiff also claims Discord is responsible under trafficking laws.

Discord's Statement: Plaintiffs bring this action against Discord Inc., an online communications platform where users can communicate via text, voice, and video.  Discord is not a social media platform: it does not feature algorithmic content feeds, public profiles, or content recommendations systems designed to maximize engagement.  Plaintiffs seek to hold Discord liable for the criminal conduct of third parties who used Discord, among other platforms, to communicate with and coerce Plaintiffs' minor son, Jay Taylor, to take his own life. Plaintiffs' claims, which fault Discord for failing to catch and block content, are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230. They are also barred by the applicable three-year statutes of limitations and the First Amendment, and fail as a matter of law because the Complaint does not allege essential elements of each claim.

**2.** **Proposed deadline for joining additional parties.** The parties' proposed deadline for joining additional parties is September 17, 2026.

**3.** **Consent to magistrate**. The parties do not consent to proceed before a magistrate judge in this case.

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 2

**4.    Discovery Plan on all items in Fed. R. Civ. P. 26(f)(3).**

**a.  Initial disclosures.**

Plaintiffs' Position:  Plaintiffs served Initial Disclosures on June 17, 2026.  On June 17, 2026, Plaintiffs met and conferred with Discord in preparation of this report and addressed the issue of Discord's noncompliance with its obligation to serve Initial Disclosures.  Plaintiffs intend to compel Discord to serve Initial Disclosures.

Delay in discovery is improper.  Discord has not moved to stay discovery.  Parties already negotiated for no stays on discovery.  On March 24, 2026, Parties were in the final stages of finalizing a briefing schedule for Discord's Rule 12(b)(6) motion with Plaintiff's opposition being due on July 8 and Discord's Reply due on August 5.  When Plaintiffs declined to agree to stipulate to stay discovery, Discord retracted the proposed briefing schedule.  On March 24, 2026, Ambika Kumar said "Ok then we'll want to propose a shorter set of extensions- we don't want the threshold motions to be delayed if you intend to start discovery." On March 25, 2026, Ms. Kumar emailed "Hi Carrie, given that you may take discovery before decisions on this motion, we'd like to propose a different schedule that gets this briefed more quickly. Also we are still evaluating whether to file a motion to compel arbitration. Discord's motion(s): 4/24; Plaintiff's Response: 5/15; Discord's Reply: 6/5. Please let me know asap as our deadline is tomorrow." Plaintiffs agreed to give Discord over two months to file its Rule 12(b)(6) motion with Plaintiffs getting just seven days beyond statutory requirements for their Opposition, stipulating to a schedule of: Discord's motion(s) due: 4/24, Plaintiff's response 5/22. Discord's Reply: 6/9.  As we know, Discord filed not one but two lengthy and complex motions on this schedule--the 12(b)(6) motion and also a bold motion to compel arbitration.  Plaintiff met all its deadlines, again, on the basis that Discord had agreed to discovery proceeding in exchange for Plaintiff agreeing to a tight briefing schedule.

Discord is not entitled to stay discovery for the additional reasons that its chief Rule 12(b)(6) arguments are without merit. Plaintiffs' claims do not treat Discord as a publisher of third-party content and therefore Section 230 does not apply. Plaintiffs properly meticulously pleaded all causes of action. Suicide does not break the chain of causation in Washington State. Neither the First Amendment or product-versus-service argument have any merit.  The arbitration motion is entirely meritless for all the grounds set forth in Plaintiff's opposition, chiefly that there was zero assent by Jay or his parents to the Terms of Service Agreement Discord relies upon.

Discord's Position: The parties never agreed to a discovery stay.  Rather, Discord objected to a lengthy briefing schedule after Plaintiffs refused to agree to a discovery stay pending disposition of threshold motions.[1] Discord reserves all rights to seek a protective order should Plaintiffs serve discovery. Further, any motion to compel Initial Disclosures will fail: Under Rule 26(a)(1)(C), "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless…a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."  The parties held their Rule 26(f) conference on June 17, 2026. Discord objected that initial disclosures were improper and renews that objection in this report.

Regardless, the Court should defer initial disclosures and other discovery obligations until it decides Discord's pending motion to compel arbitration and motion to dismiss. District courts "have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Both motions present such questions.

---

[1] Discord's filing of "not one but two" motions is a circumstance of Plaintiffs' own making. Discord proposed first filing a motion to compel arbitration first, but Plaintiffs refused the proposal to stage the motions.

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 4

First, a stay of discovery pending resolution of the arbitrability question is proper. In *Coinbase, Inc. v. Bielski*, the Supreme Court held that absent a stay of district court proceedings pending resolution of an interlocutory appeal on the threshold question of arbitrability, the benefits of arbitration—including "efficiency, less expense, less intrusive discovery, and the like"—would be "irretrievably lost." 599 U.S. 736, 743 (2023). That reasoning applies with at least equal force here: requiring the parties to proceed with discovery would force Discord to litigate in the forum it contends they agreed to forgo. Accordingly, district courts after *Coinbase* uniformly stay discovery pending motions to compel arbitration. *See Hernandez v. Experian Info. Sols. Inc.*, 2026 WL 856447, at *2 (D. Ariz. 2026); *Corley v. Lineage Logistics*, 2025 WL 4697050, at *2 (N.D. Ga. 2025); *Q.R. v. Multi Media, LLC*, 2025 WL 2430541, at *5 (D. Kan. 2025); *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577-78 (Bankr. D. Del. 2025).

Second, a stay is warranted pending a decision on Discord's motion to dismiss on the merits, which raises questions under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1) and the First Amendment. Section 230 protects Defendants not just from "ultimate liability" but also from "costly and protracted legal battles," including discovery. *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008). Allowing discovery before the Court can resolve this threshold issue would eviscerate this bar. *See e.g.*, *Bride v. Snap Inc.*, 2022 WL 17184600, *3 (C.D. Cal. 2022) (staying discovery given Section 230); *Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. 2017) (same); *Doe v. Reddit, Inc.*, 2021 WL 4348731, at *3 (C.D. Cal. 2021) (same). So, too, the need for a stay is also amplified in the First Amendment context. *See FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 469 (2007) (litigation involving First Amendment "must entail minimal if any discovery, to allow

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 5

parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation").

**b. Subjects, timing, and potential phasing of discovery.**

Plaintiffs' Position: Discovery should proceed in the normal course of litigation and parties should meet and confer about a specific plan.

Discord's Position: All discovery should be stayed pending resolution of Discord's motion to compel arbitration and motion to dismiss Plaintiffs' claims.

**c. Electronically stored information.**

Plaintiffs' Position: The parties anticipate exchanging ESI and will meet and confer in good faith to negotiate a stipulated ESI protocol.

Discord's Position: Discord agrees, should discovery commence.

**d. Privilege issues.**

Plaintiffs' Position: The parties will meet and confer in good faith to prepare a stipulated protective order that will govern the procedure for handling confidentiality designations, including the production of privileged material.

Discord's Position: Discord agrees, should discovery commence.

**e. Proposed limitations on discovery.**

Plaintiffs' Position: The parties anticipate no limitations on discovery beyond those set forth in the Federal Rules of Civil Procedure, Local Civil Rules, and Orders of this Court.

Discord's Position: Discord agrees, should discovery commence.

**f. The need for any discovery related orders.**

Plaintiffs' Position: The parties will meet and confer concerning the need for any discovery related orders, including a protective order.

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 6

Discord's Position: Discord agrees, should discovery commence.

**5.      The parties' views, proposals, and agreements on all items set forth in Local Civil Rule 26(f)(1).**

**a.   Prompt case resolution.**

Plaintiffs' position: On April 24, 2026, Discord filed a motion to compel arbitration [Dkt. 19], or in the alternative, to dismiss under Rule 12(b)(6) [Dkt. 22]. On Friday June 19, 2026, Plaintiffs learned new facts and intend to amend the complaint to allege that prior to Jay's death Discord was on actual notice that Shahriar Javan, the leader of the 764 cult, was abusing children on its platform and ultimately coerced Jay's death. In the interests of expedience, Plaintiffs intend to confer with Defendants about stipulating to Plaintiffs filing a First Amended Complaint (FAC) to add the critical facts about Discord's actual knowledge of Javan and proposes that each side file a 5-page max Supplemental brief to their respective Rule 12(b)(6) filings within seven days from the filing of the FAC.

Discord's position: On April 24, 2026, Discord filed a motion to compel arbitration [Dkt. 19], or in the alternative, to dismiss under Rule 12(b)(6) [Dkt. 22]. Briefing on those motions is complete. On June 24, 2026, Discord received notice—through a draft of this report—that Plaintiffs intend to seek agreement or leave to amend their First Amended Complaint. Discord has not formed a position on Plaintiffs' request, as Plaintiff has not yet provided Discord a copy of it. Nor, for the same reason, has Discord formed a view as to how any amendment would bear on its pending motions.

**b.      Alternative dispute resolution.** The parties are open to alternative dispute resolution in the form of private mediation at an appropriate time.

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 7

c.      **Related cases**. The parties are not aware of any related cases as described in Local Civil Rule 26(f)(1).

d.      **Discovery management.**

Plaintiffs' Position: The parties agree to conduct discovery in good faith and attempt to resolve discovery issues without burdening the Court.

Discord's Position: Discord agrees, should discovery commence.

e.      **Anticipated discovery sought**.

Plaintiff's Position: The parties anticipate seeking discovery on all aspects of the case, including Plaintiffs' claims and alleged damages and Discord's anticipated defenses.

Discord's Position: Discord agrees, should discovery commence.

f.      **Phasing motions.** The parties do not anticipate any motions to phase discovery in this case.

g.      **Preservation of discoverable information.** The parties are taking appropriate steps to preserve evidence in accordance with the Rules.

h.      **Privilege issues.** *See* Section 4(d).

i.      **Model Protocol of Discovery of ESI**. *See* Section 4(c).

j.      **Alternatives to model protocol**. The parties do not anticipate using any alternative to the Model Protocol.

6.      **Discovery completion date.**

Plaintiffs' Position: June 22, 2027.

Discord's Position: The Court should set a deadline to complete discovery after resolving Discord's threshold motions.

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 8

7. **Bifurcation**.

Plaintiff's Position: Plaintiff proposes bifurcating in front of a single jury.

Discord's Position: Discord does not believe at this time that bifurcation is proper.

8. **Suggestions for shortening or simplifying the case.** The parties do not currently have any suggestions for shortening or simplifying this case.

9. **Date the case will be ready for trial.** The parties anticipate the case will be ready for trial by about January 22, 2028.

10. **Whether the trial will be jury or non-jury.** Plaintiff has not requested a trial by jury and will be doing so pursuant to Rule (FRCP) 38.

11. **The number of trial days required.** The parties anticipate any trial will be limited to 7 days.

12. **The names, addresses, and telephone numbers of all trial counsel.**

For Plaintiffs:

Carrie Goldberg
C. A. Goldberg, PLLC
16 Court Street 33rd Floor
Brooklyn, NY 11241
(646)666-8908

Naomi Leeds
C. A. Goldberg, PLLC
16 Court Street 33rd Floor
Brooklyn, NY 11241
(646)666-8908

Corrie J. Yackulic
Corrie Yackulic Law Firm, PLLC
101 Yesler Way Ste. 600
Seattle, WA 98104
(206)787-1915

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 9

For Discord:

Ambika Kumar
920 Fifth Avenue, Suite 3300
Seattle, WA 98109
(206) 757-8030

**13.**   **Trial counsel scheduling conflicts.** None at this time.

**14.**   **Service.** Discord has been properly served.

**15.**   **Scheduling Conference.** The parties do not require a scheduling conference in advance of the Court's entry of a scheduling order in this case.

**16.**   **Date of corporate party's disclosure statement.** Discord filed its Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1(a)(1) on March 11, 2026 [Dkt. 2].

Respectfully Submitted this 24th day of June, 2026.

CORRIE YACKULIC LAW FIRM, PLLC

By: *s/ Corrie J. Yackulic*
Corrie J. Yackulic, WSBA # 16063
101 Yesler Way, Suite 600
Seattle, WA 98104
Tel.: 206-787-1915
corrie@cjylaw.com

C.A. GOLDBERG, PLLC
Carrie Goldberg, *pro hac vice*
Naomi Leeds, *pro hac vice*
16 Court Street, 33rd Floor
Brooklyn, New York 11241
Tel.: 646-666-8908
carrie@cagoldberglaw.com
naomi@cagoldberlaw.com

*Attorneys for Plaintiffs*

DAVIS WRIGHT TREMAINE LLP

By: *s/ Ambika Kumar*
Ambika Kumar, WSBA #38237
Xiang Li, WSBA #52306
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel:   206-622-3150
ambikakumar@dwt.com
xiangli@dwt.com

Adam S. Sieff, WSBA # 59792
Marcy Blattner Micale, *pro hac vice*
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Tel:   213-633-6800
adamsieff@dwt.com
marcymicale@dwt.com

*Attorneys for Defendant Discord Inc.*

JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 10