The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual,

Plaintiffs,

v.

DISCORD INC., a Delaware company,

Defendant.

No. 3:26-cv-05245-BHS

**DEFENDANT DISCORD INC.'S MOTION TO STRIKE AMENDED COMPLAINT**

**NOTE ON MOTION CALENDAR: August 10, 2026**

DISCORD'S MOTION TO STRIKE AMENDED COMPLAINT
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## INTRODUCTION

Rule 15 requires either written consent or leave of court to file an amended complaint more than 21 days after filing of a motion to dismiss. Because Plaintiffs filed the First Amended Complaint 56 days after their deadline, the Court should strike it. In the alternative, the Court should continue Discord's deadline to respond to the First Amended Complaint until 30 days after any final order denying Discord's fully briefed motion to compel arbitration.

## BACKGROUND

Plaintiffs filed their Complaint in Pierce County Superior Court on February 19, 2026. Dkt. 1. Discord timely removed the case to this Court on March 11. Dkt. 1. On March 25, 2026, Discord's counsel told Plaintiffs' counsel that Discord intended to file a motion to compel arbitration, and asked that Plaintiffs agree to a schedule that would preserve Discord's right to seek dismissal under Rule 12(b)(6) should the Court deny the motion to compel arbitration. Plaintiffs refused this request.

On April 24, 2026, Discord filed a motion to compel arbitration and, in the alternative, to dismiss the Complaint. Dkts. 19, 22. Briefing on those motions was complete June 9. Dkts. 28, 30. On June 24, 2026, Plaintiffs indicated in a joint status report that they "intend[ed] to confer with Defendants about stipulating to Plaintiffs filing a First Amended Complaint (FAC)." Dkt. 33 at 7. Plaintiffs never conferred with Discord. Instead, Plaintiffs filed their First Amended Complaint on July 10, 2026. Dkt. 36. The First Amended Complaint contains no allegations that bear on Discord's motion to compel arbitration.

## ARGUMENT

Rule 15(a)(1)(B) allows a party to amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). If the party fails to do so, it must secure "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Applying this unambiguous rule, courts strike amended complaints filed more than 21 days after the filing of a responsive pleading. *See Lemelson v. Frost*, 2026 WL 183561, at *1 (W.D. Wash. 2026) (treating original complaint as operative, striking amended complaint, where plaintiffs filed amended complaint 58 days after

DISCORD'S MOTION TO STRIKE AMENDED COMPLAINT - 1
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

defendant filed answer); *Alexander v. Internal Revenue Serv*., 2020 WL 550742, at \*2 (W.D. Wash. 2020) (striking complaint where plaintiff "filed his amended complaint several months after" the defendant "served its motion to dismiss"). That is the proper result here.

In the alternative, if the Court treats the First Amended Complaint as operative, Discord respectfully asks the Court to continue its deadline to respond until 30 days after any final decision denying Discord's motion to compel arbitration. Such a result would best preserve the parties' and the Court's resources.

**CONCLUSION**

For these reasons, Discord asks the Court to strike the First Amended Complaint or, in the alternative, to continue its deadline to respond to the First Amended Complaint until 30 days after any final decision denying Discord's motion to compel arbitration.

Dated: July 20, 2026

By: */s/ Ambika Kumar*
       Ambika Kumar

Adam S. Sieff (WSBA #59792)
Marcy Blattner Micale (*pro hac vice*)
Sam F. Cate-Gumpert (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Email:  adamsieff@dwt.com
            marcyblattnermicale@dwt.com
            samcategumpert@dwt.com

Ambika Kumar (WSBA #38237)
Xiang Li (WSBA #52306)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: (206) 622-3150
Email:  ambikakumar@dwt.com
            xiangli@dwt.com

*Attorneys for Defendant Discord Inc.*

*I certify that this memorandum contains 497 words, in compliance with the Local Civil Rules.*

DISCORD'S MOTION TO STRIKE AMENDED COMPLAINT - 2
Case No. 3:26-cv-05245-BHS

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax