THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR; individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual<br><br>Plaintiffs,<br><br>vs.<br><br>DISCORD INC., a Delaware company,<br><br>Defendant(s). | No. 3:26-cv-05245-BHS<br><br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |





C.A. GOLDBERG
PLLC. NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

## I.  INTRODUCTION

Plaintiffs, the Parents and Estate of 13-year-old decedent Jay Taylor, respectfully request leave to file the proposed Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The proposed amendment adds one cause of action, Count VI: Trafficking (Federal) 18 U.S.C. 1595, 1591. It incorporates significant new evidence uncovered after Plaintiffs filed their original Complaint that materially elaborates on the factual allegations supporting Plaintiffs' existing claims and well as the newly added claim.

Most notably, Plaintiffs have since learned that Discord possessed specific personally identifiable information about Shahriar Javan—known online as "White Tiger," the 764 leader now charged with Jay's murder and other crimes he committed against children on Discord—and one of Javan's principal victims, L.S.—the Finnish 12-year-old Javan converted into his instrument to murder Jay—**months** before Jay was targeted. *See* Goldberg Declaration in Support of Motion for Leave generally. The proposed Second Amended Complaint alleges that, as early as June 2021, Discord itself participated in preparing a detailed report identifying Javan and documenting his exploitation of children on Discord including his communications with L.S.— the very child Javan later directed to orchestrate Jay's suicide. Discord provided that report to the CyberTipline at the National Center for Missing and Exploited Children authorities.

The proposed amendment also incorporates newly available governmental reports, law enforcement findings, and additional evidence concerning Discord's knowledge of 764, its handling of reports concerning child exploitation on its platform, and its continued provision of its product and services to Javan and the 764 network despite years of notice. These allegations substantially elaborate on Plaintiffs' claims regarding notice, foreseeability, and causation.  The

PLAINTIFFS' MOTION TO
AMEND COMPLAINT
TRIAL - 2 OF 8





proposed Second Amended Complaint also adds a federal trafficking claim because Defendants removed the case to federal court.

Discord cannot demonstrate prejudice from allowing amendment. The Court ordered that parties amend their pleadings on or before August 17, 2026. See Dkt 34. Rule 15 embodies a strong federal policy favoring resolution of disputes on their merits and leave to amend should therefore be freely granted.

Should the Court deem supplemental page-limited briefing addressing the newly added allegations helpful to resolution of the pending motions, Plaintiffs respectfully offer to provide such supplemental memoranda on a schedule determined by the Court.

A copy of the Second Amended Complaint is attached as Exhibit 1.

## II.  FACTUAL BACKGROUND

Plaintiffs filed the original Complaint in this matter on February 19, 2026, asserting five causes of action against Discord: Outrage (Count I), Product Liability—Not Reasonably Safe Design (Count II), Product Liability—Inadequate Warnings (Count III), Negligence (Count IV), and Washington Trafficking under RCW 9A.82.100 and 9A.40.100 (Count V). *See* Dkt. 1. Plaintiffs now seek to add a federal sex trafficking claim under 18 U.S.C. § 1591 (Count VI). *See* Ex. A ¶¶ 197-225.  On July 10, 2026, Plaintiffs filed a First Amended Complaint (FAC) Dkt. 36. Defendant moved to strike because the FAC was inadvertently filed without leave of court. See Dkt. 37. Plaintiffs did not oppose striking it without prejudice, acknowledging the inadvertent mistake. See Dkt 38.

The original Complaint alleged that Discord had known about the existence of the 764 Network since its inception, had received 58 CyberTipline reports from its own Trust and Safety

PLAINTIFFS' MOTION TO
AMEND COMPLAINT
TRIAL - 3 OF 8





C.A. GOLDBERG
PLLC. NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104  ·  206-787-1915  ·  www.cjylaw.com

team about 764's child exploitation activities, and had cooperated with law enforcement investigations into the Discord cult. *See* Dkt. 1 *generally*.

On January 17, 2022, Jay Taylor—a thirteen-year-old trans boy seeking new friends in the LGBTQ+ community on Discord—was coerced into suicide by Javan and L.S., a twelve-year-old victim whom Javan had previously manipulated into recruiting Jay. *See* Ex. A ¶¶ 22-26, 96-115. Within hours of Jay's first post, L.S. had convinced Jay to join her in a suicide pact and had set up a livestream with 764 members, including Javan. *See* Ex. A ¶ 109-113. At approximately 4:42 a.m., Jay hung? himself outside a Safeway while streaming to this audience. *See* Ex. A ¶ 114. The video was then reposted across Discord as recruitment material. *See* Ex. A ¶ 107. In June 2025, Javan was arrested in Hamburg, Germany for his leadership of 764 and for murdering Jay Taylor. *See* Ex. A ¶ 144.

Since the original Complaint was filed, Plaintiffs' counsel has obtained significant documentary evidence that materially elaborates on these allegations. Goldberg Declaration, generally. Upon Javan's arrest, German law enforcement confiscated his computer and initiated a comprehensive investigation, which led to the release of the "White Tiger Report" on January 19, 2026. *See* Ex. A ¶ 125. Goldberg Decl. ¶ 5.

Plaintiffs have learned that Discord itself participated in preparing a comprehensive forty-page report documenting Javan's exploitation of children on Discord. *See* Ex. A ¶ 117. Goldberg Decl. ¶¶ 6-12 This report—the "Javan Discord Report"—was   prepared by Discord pursuant to its statutory reporting requirements under 18 U.S.C 2258A and submitted to the National Center for Missing and Exploited Children CyberTipline which then provided the information to German authorities on July 7, 2021: six and a half months before Jay's death. *See* Ex. A ¶ 117-22. Goldberg Decl. ¶ 7. The report consisted of English-language Discord chats between Javan and his victims

PLAINTIFFS' MOTION TO
AMEND COMPLAINT
TRIAL - 4 OF 8

C.A. GOLDBERG
PLLC. NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic | LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

and metadata for Javan's Discord account(s), and it specifically referenced a Finnish child victim who is L.S. herself. *See* Ex. A ¶¶ 119-120. Goldberg Decl. ¶¶ 7-9.

This new evidence shows that Javan was specifically known to Discord prior to Jay's tragedy.  Goldberg Decl. ¶ 20. Discord possessed specific knowledge of Javan's predatory pattern and L.S.'s victimization—at the hands of Javan—before Jay ever posted his request for a pen pal on Discord. *See* Ex. A ¶¶ 117-31. And yet, within six and a half months of Discord knowing Javan's name and knowing L.S.'s status as his victim, Javan had directed L.S. to recruit Jay Taylor, had coerced Jay into suicide through livestream, and had sexually aroused himself by watching a thirteen-year-old boy hang himself. *See* Ex. A ¶¶ 109- 114. Discord caused this to happen, because it let L.S. and Javan continue using Discord. *See* Ex. A ¶¶ 116-31. Goldberg  Decl. ¶ 12.

On July 7, 2026, the Court issued an Order Setting Jury Trial and Pretrial Dates which sets August 17, 2026 as the deadline for amending pleadings.  Dkt 34. Plaintiffs do not seek to add any new parties or untrodden legal theories. Plaintiffs seek only to add one federal cause of action akin to RCA 9A.82.100 and a limited batch of factual allegations—grounded in newly discovered documentary evidence—that demonstrates the extent of Discord's knowledge and continued enabling of Javan's abuse. *See* Ex. A ¶¶ 116-131, 197-221.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, after the time for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit applies Rule 15(a) with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).

PLAINTIFFS' MOTION TO
AMEND COMPLAINT
TRIAL - 5 OF 8



C.A. GOLDBERG
PLLC. NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM



Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104  ·  206-787-1915  ·  www.cjylaw.com

In determining whether leave should be granted, courts consider whether there has been undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Cap.*, 316 F.3d at 1052. Of these factors, prejudice to the opposing party is the "touchstone" of the inquiry and "carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden of demonstrating such prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987).

Delay alone is insufficient to deny leave to amend. *DCD Programs*, 833 F.2d at 186. Absent prejudice, bad faith, futility, or a strong showing of another *Foman* factor, Rule 15(a)(2) creates a presumption in favor of granting leave to amend so that claims may be resolved on their merits. *Eminence Cap.*, 316 F.3d at 1052; *Foman*, 371 U.S. at 181–82.

### IV. ARGUMENT

**A. Plaintiffs Seek Amendment Promptly After Discovering Significant New Evidence.**

Plaintiffs do not seek amendment to alter the nature of this litigation or to change their legal theories. Rather, the proposed amendment reflects significant factual developments that became available only after the filing of the original Complaint. *See* Ex. A ¶¶ 116-131. Goldberg Decl. ¶¶ 5-6.

The newly discovered facts materially elaborate on Plaintiffs' allegations concerning Discord's knowledge, foreseeability of the harm, and causal responsibility. Rule 15 exists precisely to permit amendment where newly discovered evidence enables the parties to present the fullest and most accurate factual record.

PLAINTIFFS' MOTION TO
AMEND COMPLAINT
TRIAL - 6 OF 8





**B.  Discord Will Suffer No Prejudice.**

Discord cannot demonstrate prejudice or surprise from the requested amendment. The new facts were already known to and being hidden by Discord.  The instant motion is being submitted before the court's deadline to amend the complaint. The proposed amendment does not inject an entirely new theory of liability or fundamentally alter the nature of the litigation. Instead, it supplements the existing claims and adds critical factual allegations derived from evidence uncovered after the original Complaint was filed. *See* Ex. A ¶¶ 116-131.

**C.  Justice Requires Leave to Amend.**

This case concerns the death of a thirteen-year-old child following his exploitation on Discord's platform by members of the 764 network. The proposed amendment presents substantial newly discovered evidence regarding what Discord knew before Jay was targeted and murdered— evidence showing that Discord did not merely know a terrorist organization was operating on its platform, but rather that Discord had documented a specific predator's abuse and likely identified one of his current victims. *See* Ex. A ¶¶ 116-131.

Resolving this case on the basis of the most complete factual record serves the interests of justice and promotes the efficient resolution of the parties' disputes. Because Plaintiffs acted diligently after uncovering this evidence, because the amendment materially strengthens the factual allegations supporting the claims, and because Discord cannot demonstrate prejudice, bad faith, undue delay, or futility, leave to amend should be freely granted under Rule 15(a)(2).

### V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the proposed Second Amended Complaint attached as Exhibit 1.

PLAINTIFFS' MOTION TO
AMEND COMPLAINT
TRIAL - 7 OF 8





C.A. GOLDBERG
PLLC. NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM



Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

Alternatively, if the Court concludes that supplemental page-limited briefing on the newly discovered facts would assist in resolving the pending motions, Plaintiffs stand ready to provide such supplemental memoranda on a timeline set by the Court.

**DATED** this 14th day of August, 2026

CORRIE YACKULIC LAW FIRM, PLLC

*/s/ Corrie J. Yackulic*
101 Yesler Way, Ste. 600
Seattle, WA 98104
Tel. (206) 787-1915
Fax. (206) 299-9725
corrie@cjylaw.com

C.A. GOLDBERG, PLLC

*/s/ Carrie Goldberg*
*/s/ Naomi Leeds*
Carrie Goldberg (pro hac vice pending)
Naomi Leeds (pro hac vice pending)
16 Court Street, 33rd Floor
Brooklyn, New York 11241
Tel. (646) 666-8908
carrie@cagoldberglaw.com
naomi@cagoldberglaw.com

*Attorneys for Plaintiffs*



