THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLBY TAYLOR, individually and as a
personal representative of the ESTATE OF JAY
TAYLOR, a deceased individual; LESLIE
TAYLOR; individually and as a personal
representative of the ESTATE OF JAY
TAYLOR, a deceased individual

                    Plaintiffs,

   vs.

DISCORD INC., a Delaware company,

                   Defendant(s).

No. 3:26-cv-05245-BHS

**PLAINTIFFS' NOTICE OF
SUPPLEMENTAL AUTHORITY RE:
PLAINTIFFS' OPPOSITION TO
DISCORD'S MOTION TO COMPEL
ARBITRATION**

Plaintiffs respectfully submit the decision issued by the United States District Court for the Northern District of California on August 13, 2026, in *Skaggs v. X.AI, LLC*, No. 26-cv-04550-BLF, ECF No. 21, as supplemental authority in support of Plaintiffs' Opposition to Defendant Discord, Inc.'s Motion to Compel Arbitration, and specifically Plaintiff's arguments concerning notice and assent to the purported contractual terms on which Discord relies. A copy of the California District Court's decision in *Skaggs* is attached hereto as **Appendix A.**





The *Skaggs* decision is relevant because it applies the Ninth Circuit's recent decision in *Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025), in evaluating whether an online user received reasonably conspicuous notice of contractual terms. *Skaggs* explains that courts must consider both the context of the transaction and the visual presentation of the notice, including "font size, text placement, and overall screen design." *Skaggs*, No. 26-cv-04550-BLF, ECF No. 21 (citing *ClassPass*, 129 F.4th at 1154).

Critically, *Skaggs* relies on *ClassPass'* holding that the placement of a terms notice outside the user's "natural flow" can render the notice insufficiently conspicuous. *Skaggs*, No. 26-cv-04550-BLF, ECF No. 21, p. 11. In *ClassPass*, the Ninth Circuit considered the location of the terms notice relative to the action the user was taking and held that a notice positioned on the periphery of where a user would naturally be looking was insufficient. *Skaggs*, No. 26-cv-04550-BLF, ECF No. 21, (discussing *ClassPass*, 129 F.4th at 1157). *Skaggs* applied that same reasoning to an AI platform, holding that terms located at the bottom of the Grok interface were "buried" beyond the periphery of where a reasonable user would be looking because the user's "most obvious and natural next step" was to enter text into the query box. *Id.*

The *Skaggs* court ultimately held that neither the sign-up screen nor the chat screen provided reasonably conspicuous notice sufficient to establish assent to the terms containing the forum-selection clauses. *Id.*

These holdings are directly relevant to Plaintiff's Opposition because Discord likewise relies on the purported manifestation of assent through its online interface to establish Plaintiff's agreement to contractual terms containing the arbitration provision at issue. *Skaggs*—following *ClassPass*—confirms that the mere presence of a hyperlink to terms is not sufficient

PLS' NOT. OF SUPP. AUTH. RE:
PLS' OPP TO DISCORD'S MOT.
TO COMPEL ARBITRATION
- 2 OF 3



C.A. GOLDBERG
PLLC, NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM



Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

where the terms are not presented in a manner that would place a reasonable user on notice that taking the relevant action would bind the user to those terms. The decision therefore provides additional support for Plaintiff's position that Discord cannot establish assent merely by pointing to the existence of its Terms of Service without demonstrating that Plaintiff received reasonably conspicuous notice of those terms and unambiguously manifested assent to them.

**DATED** this 14th day of August, 2026

CORRIE YACKULIC LAW FIRM, PLLC          C.A. GOLDBERG, PLLC

*/s/ Corrie J. Yackulic*                 */s/ Carrie Goldberg*
101 Yesler Way, Ste. 600                 */s/ Naomi Leeds*
Seattle, WA 98104                        Carrie Goldberg (pro hac vice pending)
Tel. (206) 787-1915                      Naomi Leeds (pro hac vice pending)
Fax. (206) 299-9725                      16 Court Street, 33rd Floor
corrie@cjylaw.com                        Brooklyn, New York 11241
                                         Tel. (646) 666-8908
                                         carrie@cagoldberglaw.com
                                         naomi@cagoldberglaw.com

*Attorneys for Plaintiffs*



C.A.GOLDBERG
PLLC. NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM



Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104  ·  206-787-1915  ·  www.cjylaw.com