The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual,

Plaintiffs,

v.

DISCORD INC., a Delaware company,

Defendant.

No. 3:26-cv-05245-BHS

**DISCORD INC.'S MOTION FOR PROTECTIVE ORDER AND TEMPORARY STAY OF DISCOVERY**

**NOTE ON MOTION CALENDAR: September 4, 2026**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. BACKGROUND .......... 2
A. Factual Background .......... 2
B. Procedural Background .......... 2
III. LEGAL STANDARD .......... 3
IV. ARGUMENT .......... 4
A. The Pending Motion to Compel Arbitration Justifies a Stay of Discovery. .......... 4
B. The Pending Motion to Dismiss Also Supports a Stay Of Discovery. .......... 5
V. CONCLUSION .......... 7



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arik v. Meyers*,
2020 WL 515843 (D. Nev. Jan. 31, 2020) ... 1

*Blumenthal v. Drudge*,
992 F. Supp. 44 (D.D.C. 1998) ... 6

*Bride v. Snap Inc.*,
2022 WL 17184600 (C.D. Cal. Oct. 21, 2022) ... 6

*Bride v. Yolo Techs., Inc.*,
112 F.4th 1168 (9th Cir. 2024) ... 7

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) ... 1, 4

*Colon v. Twitter, Inc.*,
No. 6:18-cv-00515, ECF No. 90 (M.D. Fla. May 14, 2019) ... 6

*Corley v. Lineage Logistics*,
2025 WL 4697050 (N.D. Ga. Nov. 3, 2025) ... 4

*Cox v. First Student Inc.*,
2025 WL 2933761 (W.D. Wash. Sep. 29, 2025) (Estudillo, J.) ... 1, 3, 5

*Crosby v. Twitter, Inc.*,
2017 WL 11696939 (E.D. Mich. Mar. 1, 2017) ... 6

*Dickinson v. KDP*,
2026 WL 2032519 (W.D. Wash. July 13, 2026) ... 5

*Doe v. Bates*,
No. 5:05-cv-00091-DF-CMC, ECF No. 54 (E.D. Tex. Oct. 19, 2005) ... 6

*Doe v. Discord Inc.*,
2026 WL 1067574 (N.D. Ohio Apr. 20, 2026) ... 1, 7

*Doe v. Discord Inc.*,
No. 1:25-cv-01789-DCN, ECF No. 36 (N.D. Ohio Dec. 5, 2025) ... 1

*Doe v. Grindr Inc.*,
128 F.4th 1148 (9th Cir. 2025) ... 7

*Doe v. Reddit, Inc.*,
2021 WL 4348731 (C.D. Cal. July 12, 2021) ... 6



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Ezra v. AOL Inc.*,
206 F.3d 980 (10th Cir. 2000) .......... 6

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
521 F.3d 1157 (9th Cir. 2008) .......... 1, 6

*FEC v. Wisc. Right to Life, Inc.*,
551 U.S. 449 (2007) .......... 6

*Fields v. Twitter, Inc.*,
No. 3:16-cv-00213-WHO, ECF No. 28 (N.D. Cal. Apr. 7, 2016) .......... 6

*FTX Recovery Tr. v. Meerun*,
669 B.R. 575 (Bankr. D. Del. 2025) .......... 4

*Gonzalez v. Google, Inc.*,
No. 4:16-cv-03282-DMR, ECF No. 47 (N.D. Cal. Sep. 21, 2016) .......... 6

*Hernandez v. Experian Info. Sols. Inc.*,
2026 WL 856447 (D. Ariz. Feb. 6, 2026) .......... 1, 4

*Kater v. Churchill Downs Inc.*,
2019 WL 3944323 (W.D. Wash. Aug. 21, 2019) (Leighton, J.) .......... 1

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) .......... 3

*Mahamedi IP L., LLP v. Paradice & Li, LLP*,
2017 WL 2727874 (N.D. Cal. Feb. 14, 2017) .......... 2, 4

*McSweeney v. Cohen*,
2025 WL 1898351 (S.D.N.Y. July 9, 2025) .......... 4

*Neal v. City of Bainbridge Island*,
2021 WL 2105301 (W.D. Wash. May 25, 2021) .......... 6

*Noah v. AOL Time Warner, Inc.*,
No. 1:02-cv-1316, ECF No. 31 (E.D. Va. May 7, 2003) .......... 6

*Onuoha v. Facebook, Inc.*,
2017 WL 11681325 (N.D. Cal. Apr. 7, 2017) .......... 6

*Palmucci v. Twitter, Inc.*,
No. 18-CV-1165, ECF No. 37 (N.D. Ill. Mar. 8, 2018) .......... 6

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468 (9th Cir. 2024) .......... 5

*Q.R. v. Multi Media, LLC*,
2025 WL 2430541 (D. Kan. Aug. 22, 2025) .......... 4



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) .......... 6

*Saeedy v. Microsoft Corp.*,
757 F. Supp. 3d 1172 (W.D. Wash. 2024) .......... 5

*Stiener v. Apple Comput., Inc.*,
2007 WL 4219388 (N.D. Cal. Nov. 29, 2007) .......... 4

*Towner v. A Place for Rover, Inc.*,
2026 WL 496744 (W.D. Wash. Feb. 23, 2026) (Whitehead, J.) .......... 1, 6, 7

*Universal Commc'n Sys., Inc. v. Lycos, Inc.*,
478 F.3d 413 (1st Cir. 2007) .......... 6

*Williams v. Washington*,
2023 WL 5579589 (W.D. Wash. Aug. 29, 2023) .......... 3

*Wood v. McEwen*,
644 F.2d 797 (9th Cir. 1981) .......... 3, 6

*Zeiger v. Hotel Cal. by the Sea LLC*,
2022 WL 1499670 (W.D. Wash. May 12, 2022) .......... 3

**Federal Statutes**

9 U.S.C. § 402 .......... 5

47 U.S.C. § 230(b)(1)-(2) .......... 6

47 U.S.C. § 230(c)(1) .......... 1



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Defendant Discord Inc. brings this motion to stay its deadline to respond to Plaintiffs' requests for merits discovery pending the Court's decision on Discord's fully briefed motions to compel arbitration, or in the alternative, to dismiss the claims.

Each motion is dispositive and provides good cause to enter a protective order. Most significantly, the recognized and bargained-for benefits of arbitration—including "efficiency, less expense, ***less intrusive discovery***, and the like"—would be "irretrievably lost" if Discord were forced to engage in open-ended merits discovery before its arbitration motion could be decided, especially since even denial of Discord's motion would trigger an automatic stay pending appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742–43 (2023) (emphasis added). The request for early merits discovery is also improper because Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), protects Discord not just from "ultimate liability" but also speech-chilling "costly and protracted legal battles," including discovery. *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008). In fact, a federal court granted Discord a similar stay earlier this year, *Doe v. Discord Inc.*, No. 1:25-cv-01789-DCN, ECF No. 36 (N.D. Ohio Dec. 5, 2025), before applying Section 230 to dismiss materially identical claims with prejudice. *Doe v. Discord Inc.*, 2026 WL 1067574 (N.D. Ohio Apr. 20, 2026).

Courts in this district routinely stay discovery and enter protective orders for exactly these reasons. *See, e.g.*, *Cox v. First Student Inc.*, 2025 WL 2933761, at *2 (W.D. Wash. Sep. 29, 2025) (Estudillo, J.) (granting stay of discovery pending motion to compel arbitration); *Kater v. Churchill Downs Inc.*, 2019 WL 3944323, at *2 (W.D. Wash. Aug. 21, 2019) (Leighton, J.) (same for defendant with pending motion to compel arbitration); *Towner v. A Place for Rover, Inc.*, 2026 WL 496744, at *1-2 (W.D. Wash. Feb. 23, 2026) (Whitehead, J.) (same pending motion to dismiss on Section 230 grounds). So do courts across the Ninth Circuit. *See, e.g.*, *Hernandez v. Experian Info. Sols. Inc.*, 2026 WL 856447, at *3 (D. Ariz. Feb. 6, 2026) (staying discovery pending motion to compel arbitration); *Arik v. Meyers*, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020) (same, recognizing courts "frequently stay discovery pending resolution of a motion to compel



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

arbitration"); *Mahamedi IP L., LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *2 (N.D. Cal. Feb. 14, 2017) (same, collecting cases).

A stay of discovery until the Court rules on Discord's pending motions would preserve the bargained for benefits of arbitration and the protections of Section 230, and conserve judicial resources. The Court should grant a stay and enter a protective order.

## II. RELEVANT BACKGROUND

### A. <u>Factual Background</u>

Plaintiffs Colby Taylor and Leslie Taylor, individually and as representatives of the Estate of Jay Taylor, bring this action against Discord Inc. for claims arising from the death of their son, Jay Taylor. Plaintiffs allege that Jay Taylor communicated with another Discord user who manipulated him to take his own life. ECF No. 1-1 ("Compl.") ¶¶ 107-114. Discord recognizes the profound tragedy of the loss of Jay Taylor. Plaintiffs bring survivor claims on behalf of their son's estate as well as claims in their individual capacities for outrage, negligence, product liability, and violations of Washington's trafficking statute. *Id.* ¶¶ 136-180.

Jay Taylor accepted Discord's Terms of Service at least three times by clicking a button next to a notice indicating that doing so meant agreeing to the hyperlinked Terms. ECF No. 19 at 1. The Terms contain a conspicuous, mandatory arbitration agreement that delegates questions of arbitrability to the arbitrator and incorporates the JAMS Comprehensive Arbitration Rules and Procedures. *Id.* at 1-5. Those Rules are designed to promote efficiency and contain limits on discovery. They do not contain any mechanism for requests for admission or interrogatories, for example, and limit the parties to document discovery. *See* JAMS Comp. Arb. R. & Proc. 17. The parties must complete an initial exchange of documents within 21 calendar days after all pleadings have been submitted. *Id.* Rule 17(a). And each party is restricted to a single deposition of the opposing party, and third party discovery is permitted only with the approval of the arbitrator. *Id.* Rule 17(a), 17(e).

### B. <u>Procedural Background</u>

Plaintiffs filed their Complaint in Pierce County Superior Court on February 19, 2026. On March 11, 2026, Discord removed to this Court. ECF No. 1. Discord then filed a Motion to



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Compel Arbitration, ECF No. 19, and a Motion to Dismiss based on Section 230 of the Communications Decency Act, the First Amendment, the statute of limitations, and failure to state a claim on the merits on April 24, 2026. ECF No. 22. On May 22, 2026, Plaintiffs opposed the motion to compel arbitration and motion to dismiss, ECF Nos. 26, 27, and Discord filed its replies on June 9, 2026.

After Discord's motions were fully briefed, Plaintiffs filed a First Amended Complaint ("FAC") on July 10, 2026, without seeking leave of court. ECF No. 36. Discord filed a Motion to Strike the Amended Complaint, ECF No. 37, and Plaintiffs withdrew the FAC on July 28, 2026. ECF No. 38 ¶ 9. The next day, Plaintiffs served their First Set of Requests for Production, followed by a First Set of Interrogatories and Requests for Admission two days later. *See* Decl. of Adam Sieff ("Sieff Decl.") ¶ 3. Discord requested that discovery be held in abeyance pending adjudication of Discord's fully briefed motions. *Id.* ¶ 4. Plaintiffs declined. *id.* ¶ 5.

On August 14, 2026, Plaintiffs filed a Motion for Leave to File the Second Amended Complaint ("SAC") noted for September 4, 2026, ECF No. 39.

## III. LEGAL STANDARD

This Court has "wide discretion" over the discovery process, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and "may relieve a party of the burdens of discovery while a dispositive motion is pending." *Williams v. Washington*, 2023 WL 5579589, at *1 (W.D. Wash. Aug. 29, 2023) (granting motion to stay discovery pending motion to dismiss). "A stay of discovery is appropriate when a pending dispositive motion" is both (1) "potentially dispositive of the entire case" and (2) "can be decided without additional discovery." *Cox*, 2025 WL 2933761, at *1 (granting stay); *see also Zeiger v. Hotel Cal. by the Sea LLC*, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (same). The standard requires the court to take a "preliminary peek" at the merits of the motions. *Id.* This is not a demanding standard. Because a movant need only raise "a real question" that they will obtain the dispositive relief, *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981), a non-trivial chance of limiting "the scope of discovery"—even by obtaining partial relief—is enough. *Cox*, 2025 WL 2933761, at *2.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## IV. ARGUMENT

### A. The Pending Motion to Compel Arbitration Justifies a Stay of Discovery.

Discord's pending motion to compel arbitration—which is dispositive, can be decided without discovery, and whose benefits can only be preserved if discovery is stayed—justifies a stay standing alone.

***The motion is potentially dispositive and discovery must be stayed to preserve its benefits.*** The motion to compel arbitration goes to the threshold question of whether this case may proceed in this Court. If granted, it would dispose of the claims brought by Plaintiffs as successors-in-interest to their son's estate, requiring those claims to be resolved in arbitration. As numerous courts have recognized, requiring discovery to proceed while the court resolves the arbitration question is inconsistent with the nature and purpose of an agreement to arbitrate. *See, e.g.*, *Stiener v. Apple Comput., Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators . . . a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent"). A stay is thus not only warranted *but necessary* to preserve the benefits of the arbitral forum Discord and Plaintiffs agreed to use—a forum providing streamlined and limited discovery. *See* JAMS Comp. Arb. R. & Proc. 17. Those benefits would be lost "if the district court could move forward with pre-trial and trial proceedings" before the motion could be decided, much less fully adjudicated through appeal. *Coinbase*, 599 U.S. at 743; *e.g.*, *Mahamedi IP Law*, 2017 WL 2727874, at *2 (staying discovery pending decision on a motion to compel arbitration was necessary to preserve the prompt and inexpensive resolution arbitration provides). *McSweeney v. Cohen*, 2025 WL 1898351, at *2 (S.D.N.Y. July 9, 2025) (discovery "premature" when motion to compel arbitration was forthcoming since "discovery is stayed regardless" pending appeal).[1]

[1] Trial courts after *Coinbase* routinely stay discovery pending motions to compel arbitration. *Hernandez*, 2026 WL 856447, at *2; *Corley v. Lineage Logistics*, 2025 WL 4697050, at *2 (N.D. Ga. Nov. 3, 2025); *Q.R. v. Multi Media, LLC*, 2025 WL 2430541, at *5 (D. Kan. Aug. 22, 2025); *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577-78 (Bankr. D. Del. 2025) (same).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

This rationale—which applies whether or not Discord ultimately prevails on its motion to compel arbitration—is amplified because Discord's motion has significant merit. Discord presents evidence that Plaintiffs' son created three Discord accounts and, each time, agreed to the Terms of Service—including the mandatory arbitration agreement—by clicking a button next to a notice that doing so meant agreeing to the hyperlinked Terms. ECF No. 21, Robbins Decl. ¶¶ 8-11 & Exs. A-D. Courts routinely enforce such "clickwrap" and "sign-in wrap" agreements under both California and Washington law. *See, e.g.*, *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 477 (9th Cir. 2024); *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1195-98 (W.D. Wash. 2024). Plaintiffs' defenses to those agreements must go to the arbitrator, ECF No. 28 at 6-10, and the Ending Forced Arbitration Act, 9 U.S.C. § 402, does not apply, *Id.* at 10-12.

***The motion can be decided without the need for discovery***. This factor is readily met. The motion to compel arbitration is fully briefed, the parties have submitted declarations and exhibits containing all of the factual information the Court needs to evaluate the motion, and no party has requested any further discovery to address the issues in arbitration. *See Cox*, 2025 WL 2933761, at *2 (finding this factor satisfied where no party identified "any specific discovery that is required to resolve the motion to compel arbitration"). Plaintiffs' motion to file a SAC changes nothing, as none of the new allegations bear on Discord's fully briefed motion to compel arbitration. *See* ECF No. 39 at 5 (summarizing scope of amended allegations and additional cause of action in proposed SAC). Discord will therefore request that—to the extent the Court permits Plaintiff to file the SAC—it considers Discord's fully briefed motion to compel arbitration *before* any renewed motion to dismiss briefing occurs. *See, e.g.*, *Dickinson v. KDP*, 2026 WL 2032519, at *1 (W.D. Wash. July 13, 2026) (granting motion "to stay initial case deadlines pending a ruling on the Defendants' motion to compel arbitration" so that the court could first "determine whether … claims should be subject to arbitration") (quotation omitted).

**B. The Pending Motion to Dismiss Also Supports a Stay Of Discovery.**

Discord's motion to dismiss also satisfies the requirements for a stay of discovery because "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

***The motion would resolve the entire action.*** Among the independent threshold grounds for dismissal Discord raises under federal and Washington law, ECF No. 22 at 3-24, Discord's Section 230 protections especially warrant a stay of discovery. These protections exist to promote free expression online, 47 U.S.C. § 230(b)(1)-(2), and like other First Amendment-based protections, they must be applied at the earliest stages of litigation with "minimal if any discovery, to allow parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation." *FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 470 (2007).

Courts thus regularly stay discovery when a defendant moves to dismiss under Section 230 because its protections are not merely protection from adverse judgments, but protections from having to bear the "cost[s]" of litigation. *Roommates.com*, 521 F.3d at 1175; *see, e.g.*, *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 416 (1st Cir. 2007) (affirming district court's decision to "not lift the stay on discovery" until pending motions to dismiss raising Section 230 could be heard); *Towner*, 2026 WL 496744, at *1-2 (staying discovery pending motion raising Section 230); *Bride v. Snap Inc.*, 2022 WL 17184600, at *3 (C.D. Cal. Oct. 21, 2022) (same); *Doe v. Reddit, Inc*., 2021 WL 4348731, at *7 (C.D. Cal. July 12, 2021) (same); *Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (same); *Crosby v. Twitter, Inc.*, 2017 WL 11696939, at *1-2 (E.D. Mich. Mar. 1, 2017) (same); *Ezra v. AOL Inc.*, 206 F.3d 980, 986 (10th Cir. 2000) (failing to stay discovery "would deny an interactive service provider the immunity authorized by the Communications Decency Act"); *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 & n.15 (D.D.C. 1998) (similar).[2]

Previewing the merits confirms that a stay is warranted as Discord has raised far more than a "real question" that Plaintiffs' claims are barred. *Wood*, 644 F.2d at 802 (affirming stay of discovery); *e.g.*, *Neal v. City of Bainbridge Island*, 2021 WL 2105301, at *1 (W.D. Wash. May

[2] Numerous other district courts have done the same. *See, e.g.*, *Colon v. Twitter, Inc.*, No. 6:18-cv-00515, ECF No. 90 (M.D. Fla. May 14, 2019); *Palmucci v. Twitter, Inc.*, No. 18-CV-1165, ECF No. 37 (N.D. Ill. Mar. 8, 2018); *Fields v. Twitter, Inc.*, No. 3:16-cv-00213-WHO, ECF No. 28 (N.D. Cal. Apr. 7, 2016); *Gonzalez v. Google, Inc.*, No. 4:16-cv-03282-DMR, ECF No. 47 (N.D. Cal. Sep. 21, 2016); *Doe v. Bates*, No. 5:05-cv-00091-DF-CMC, ECF No. 54 (E.D. Tex. Oct. 19, 2005); *Noah v. AOL Time Warner, Inc.*, No. 1:02-cv-1316, ECF No. 31 (E.D. Va. May 7, 2003).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

25, 2021) (staying discovery where defendant raised "real question" that claims would be dismissed). A reasoned opinion from a federal court has already held that virtually identical claims against Discord were preempted by Section 230, *Discord*, 2026 WL 1067574, at *8-9, and it did so by applying Ninth Circuit precedents barring similar negligence, product liability, failure to warn, design defect, and sex trafficking claims about harms to minors—most notably *Doe v. Grindr Inc.*, 128 F.4th 1148, 1151-55 (9th Cir. 2025) and *Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1178-82 (9th Cir. 2024)—that bind this Court.

***The motion can be decided without the need for discovery.*** Discord's motion to dismiss presents several independently dispositive legal questions that require no discovery and indeed exist to be decided *before* any discovery is necessary. The motion is fully briefed and can be decided on the papers—indeed, Plaintiffs did not and have not sought to take discovery to respond to any of Discord's motion to dismiss arguments. *Towner*, 2026 WL 496744, at *2 & n.1 (concluding that "no additional discovery is needed in order to rule on the pending motion to dismiss" under Section 230 and for failure to state a claim).

The SAC's new allegations—if they become the operative pleading—do not affect the analysis relevant to this motion. A renewed motion to dismiss the SAC would make substantially the same dismissal arguments, resolve the entire action, and could be decided without the need for discovery for the same reason.

## V. CONCLUSION

Discord respectfully requests an order granting its motion for a protective order, and to stay discovery pending its motions to compel arbitration and, in the alternative, to dismiss.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Dated: August 21, 2026

By: *s/ Ambika Kumar**
Ambika Kumar

Adam S. Sieff (WSBA #59792)
Marcy Blattner Micale (*pro hac vice*)
Sam F. Cate-Gumpert (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Email: adamsieff@dwt.com
marcyblattnermicale@dwt.com
samcategumpert@dwt.com

Ambika Kumar (WSBA #38237)
Xiang Li (WSBA #52306)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: (206) 622-3150
Email: ambikakumar@dwt.com
xiangli@dwt.com

*Attorneys for Defendant Discord Inc.*

**I certify that this memorandum contains 2,650 words, in compliance with the Local Civil Rules.*