The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual,

Plaintiffs,

v.

DISCORD INC., a Delaware company,

Defendant.

No. 3:26-cv-05245-BHS

**REPLY IN SUPPORT OF DISCORD INC.'S MOTION FOR PROTECTIVE ORDER AND TEMPORARY STAY OF DISCOVERY**

**NOTE ON MOTION CALENDAR: September 4, 2026**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiffs' Opposition misstates the facts and the law. Good cause exists to continue Discord's deadline to respond to Plaintiffs' numerous discovery requests and to stay discovery pending this Court's decision on Discord's fully briefed threshold motions.

Plaintiffs are wrong that a stay requires "showing that discovery would impose a concrete and undue burden that outweighs the opposing party's need for timely discovery." Opp. at 4. Neither of the cases they cite stands for this proposition. In fact, in *Lomibao v. AGC Biologics Inc.*, 2025 WL 2663178, at *1 (W.D. Wash. 2025), the court *granted* a stay pending its decision on a motion for summary judgment. And in *HUB International Northwest LLC v. Larson*, 2023 WL 2527150 (W.D. Wash. 2023), the court permitted discovery *not* because the burden of discovery was low (it was), but because the pending motion did not raise "'pure' legal questions of subject matter jurisdiction, immunity, and the like." *Id*. at *3. But that is precisely what both of Discord's motions do—ask this Court to dismiss on the basis that this case belongs in arbitration and if not, Discord is shielded from liability by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 *et seq*. Mot. at 6–7.

Discord has satisfied the relevant standard, which Plaintiffs' authority adopts: both of its motions may dispose of the case and can be decided without additional discovery. *See Lomibao*, 2025 WL 2663178, at *1. Plaintiffs argue that the motion to compel arbitration, if granted, would leave Plaintiffs' individual claims in this Court, but ignores that those claims would almost certainly be stayed pending the outcome of the arbitration. Plaintiffs also argue that Discord's motion to dismiss requires discovery, but point to no Section 230 cases permitting it, and the statute's entire purpose is to shield online services from the costs of litigation, including discovery. Mot. at 7.

Finally, Discord's "own litigation conduct" is no reason to deny relief. Throughout this case, Discord has taken the position that discovery is premature. And while Discord stands ready to grant a courtesy extension to Plaintiffs' counsel should she need it to accommodate a personal event, Discord is not willing to nor has it ever agreed to forego its substantive rights.

The Court should grant Discord's motion.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. ARGUMENT

### A. The Pending Motion to Compel Arbitration Justifies a Stay of Discovery.

A stay is proper pending this Court's decision on Discord's motion to compel arbitration because the motion would dispose of the claims in this Court and can be decided without discovery.

The motion is potentially dispositive and can be decided on the papers. Plaintiffs contend that the motion "cannot dispose of" Plaintiffs' individual claims. Opp. at 6–7. But even if the individual claims might remain in this Court, "granting a stay of discovery may nevertheless be appropriate where resolution of the motion 'will impact the number of [parties] and legal theories at issue which will in turn impact the scope of discovery.'" *Cox v. First Student Inc.*, 2025 WL 2933761, at *2 (W.D. Wash. 2025) (staying discovery pending motion to compel arbitration where motion "would at a minimum considerably narrow the issues in this case and would impact the scope of discovery") (quoting *Pac. Surf Designs, Inc. v. Whitewater W. Indus., Inc.*, 2021 WL 3080061, at *2 (S.D. Cal. 2021)). Moreover, this Court should stay all of the proceedings pending the outcome of arbitration, which would dramatically affect the scope of the litigation. *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir. 2002); *Smiles Servs. LLC v. Frye*, 2023 WL 6066683, at *2 (W.D. Wash. 2023).

This result is reinforced by the Supreme Court's *Coinbase* decision, which requires a stay of discovery pending an appeal of an order denying a motion to compel arbitration. Plaintiffs' suggestion that *Coinbase* applies only after an appeal is taken misses the point. Opp. at 5. *Coinbase* explains that the "benefits" of arbitration, including "efficiency, less expense, *less intrusive discovery*, and the like," would be "irretrievably lost" if litigation proceeds while arbitrability is disputed. *See* Mot. at 1, 5 (citing *Coinbase v. Bielski*, 599 U.S. 736, 742–43 (2023)). That rationale applies with equal force to pre-ruling stays, as trial courts around the country have held after *Coinbase*. Mot. at 4 n.1. Plaintiffs have no substantive response to *Coinbase*, and cite no case holding that a district court abused its discretion by staying discovery pending a motion to compel arbitration. That is because such stays are the norm, not the exception. Moreover, even if Discord's motion to compel arbitration is denied, that denial triggers an immediate right to interlocutory



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

appeal, which itself triggers an automatic stay. *See Coinbase*, 599 U.S. at 747. Thus, whether the motion is granted or not, discovery should not proceed until arbitrability is resolved.

**B. The Pending Motion to Dismiss Also Supports a Stay of Discovery.**

Discord's motion to dismiss also justifies a stay because Section 230 protects interactive computer services not just from liability but from the burdens of litigation itself. *See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008). Courts routinely stay discovery pending Section 230 motions to dismiss for precisely this reason. *See* Mot. at 5–7 (collecting cases); *Towner v. A Place for Rover, Inc.*, 2026 WL 496744, at *1–2 (W.D. Wash. 2026). Plaintiffs cite no authority to the contrary.

A "preliminary peek" confirms that Discord has raised far more than a "real question" that Plaintiffs' claims are barred. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981). A federal court has already held that virtually identical claims against Discord were barred by Section 230. *Doe v. Discord Inc.*, 2026 WL 1067574, at *8–9 (N.D. Ohio Apr. 20, 2026). That court applied the same Ninth Circuit precedents that bind this Court, most notably *Doe v. Grindr Inc.*, 128 F.4th 1148 (9th Cir. 2025), and *Bride v. Yolo Technologies, Inc.*, 112 F.4th 1168 (9th Cir. 2024), to dismiss materially identical claims. Plaintiffs argue that Section 230 does not bar their claims because they arise from Discord's "own product design," "affirmative conduct," and knowledge. Opp. at 7. But these are precisely the arguments the plaintiff made—and lost—in the Ohio litigation. Applying *Grindr*, the court in *Discord* held that Section 230 barred the plaintiff's claims because "each of Plaintiff's claims ultimately treat Discord as a 'publisher' of the content at issue, such that Section 230 applies." 2026 WL 1067574, at *8. Plaintiffs' claims here require Discord to have moderated, blocked, or removed content and users—quintessential publisher functions protected by Section 230.

Plaintiffs' proposed Second Amended Complaint (SAC) does not change this analysis. If anything, it demonstrates that Discord acted responsibly by reporting concerning content to authorities. SAC ¶¶ 117–122. Section 230 does not require platforms to do more (or even this), and it certainly does not create liability for platforms that report concerns but do not ban users



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

outright. If the Court permits the SAC to be filed, Discord will renew its motion to dismiss, raising the same Section 230 arguments. Discovery should not proceed before that motion is resolved.

**C. Discord Has Shown Good Cause and the Balance of Equities Favors a Stay.**

Plaintiffs argue that Discord has failed to show "good cause" under Rule 26(c)(1) because Discord did not submit a declaration detailing the burden of discovery. Opp. at 5. But again, Discord is not required to make an evidentiary showing of particularized harm to obtain a protective order and stay. And where, as here, a defendant has filed motions that could resolve the entire case—or substantially change its scope—courts routinely stay discovery pending resolution of those motions. *See, e.g.*, *Williams v. Washington*, 2023 WL 5579589, at *1 (W.D. Wash. 2023). That is because good cause is manifest: if Discord prevails on its motion to compel arbitration, this case will proceed in a forum with limited discovery. If Discord prevails on its Section 230 motion, the case will be dismissed, and discovery would have been equally futile. A "real question" on either motion justifies a stay. *See Wood*, 644 F.2d at 802.

Plaintiffs argue that delay itself prejudices them as "grieving parents seeking to understand the circumstances of their son's death." Opp. at 9. Discord is deeply sympathetic to Plaintiffs' loss. But sympathy does not change the applicable legal standards. Plaintiffs must demonstrate that a brief stay pending resolution of threshold legal issues would cause concrete prejudice—not merely that they wish to proceed quickly. They have not done so. The balance of equities favors a stay: forcing Discord to engage in open-ended merits discovery before the Court rules on its pending motions would impose substantial costs that cannot be recovered if Discord prevails. In contrast, a stay imposes no comparable harm on Plaintiffs—their claims, if they survive, will proceed in due course. This asymmetry is precisely why courts routinely stay discovery pending motions to compel arbitration and motions to dismiss under Section 230.

Finally, Plaintiffs' assertions about Discord's "litigation conduct" are both inaccurate and irrelevant. Opp. at 8–9. Discord filed this motion promptly after Plaintiffs served written discovery on July 29, 2026. Before that date, there was no discovery dispute to raise. Discord's requested protective order and stay would also conserve judicial resources. Resolution of Discord's motions will determine (1) where the case will be litigated and (2) the scope of any issues remaining after



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Discord's motion to dismiss, which in turn will determine the appropriate scope of discovery and where any discovery disputes require this Court's attention.

## III. CONCLUSION

For these reasons, Discord respectfully requests that the Court grant its motion for a protective order and stay discovery pending resolution of Discord's motions to compel arbitration and to dismiss.

Dated: September 4, 2026

By: *s/ Ambika Kumar**
Ambika Kumar

Adam S. Sieff (WSBA #59792)
Marcy Blattner Micale (*pro hac vice*)
Sam F. Cate-Gumpert (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Email: adamsieff@dwt.com
marcyblattnermicale@dwt.com
samcategumpert@dwt.com

Ambika Kumar (WSBA #38237)
Xiang Li (WSBA #52306)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: (206) 622-3150
Email: ambikakumar@dwt.com
xiangli@dwt.com

*Attorneys for Defendant Discord Inc.*

**I certify that this memorandum contains 1,633 words, in compliance with the Local Civil Rules.*