The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual,

Plaintiffs,

v.

DISCORD INC., a Delaware company,

Defendant.

No. 3:26-cv-05245-BHS

**DISCORD INC.'S MOTION FOR A PROTECTIVE ORDER AND TEMPORARY STAY OF DISCOVERY**

**NOTE ON MOTION CALENDAR: October 13, 2026**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................ 1
II. RELEVANT BACKGROUND ........................................ 1
A. Factual Background ........................................ 1
B. Procedural Background ........................................ 2
III. LEGAL STANDARD ........................................ 3
IV. ARGUMENT ........................................ 3
V. CONCLUSION ........................................ 6



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Blumenthal v. Drudge*,
992 F. Supp. 44 (D.D.C. 1998) .......... 4

*Bride v. Snap Inc.*,
2022 WL 17184600 (C.D. Cal. Oct. 21, 2022) .......... 4

*Bride v. Yolo Techs., Inc.*,
112 F.4th 1168 (9th Cir. 2024) .......... 5

*Colon v. Twitter, Inc.*,
No. 6:18-cv-00515, ECF No. 90 (M.D. Fla. May 14, 2019) .......... 4

*Cox v. First Student Inc.*,
2025 WL 2933761 (W.D. Wash. Sep. 29, 2025) .......... 3

*Crosby v. Twitter, Inc.*,
2017 WL 11696939 (E.D. Mich. Mar. 1, 2017) .......... 4

*Doe v. Bates*,
No. 5:05-cv-00091-DF-CMC, ECF No. 54 (E.D. Tex. Oct. 19, 2005) .......... 4

*Doe v. Discord*,
2026 WL 1067574 (N.D. Ohio Apr. 20, 2026) .......... 1, 5

*Doe v. Discord Inc.*,
No. 1:25-cv-01789-DCN, ECF No. 36 (N.D. Ohio Dec. 5, 2025) .......... 1

*Doe v. Grindr Inc.*,
128 F.4th 1148 (9th Cir. 2025) .......... 5

*Doe v. Reddit, Inc.*,
2021 WL 4348731 (C.D. Cal. July 12, 2021) .......... 1, 4, 5

*Does 1-6 v. Reddit, Inc.*,
51 F.4th 1137 (9th Cir. 2022) .......... 5

*Ezra, Weinstein, & Co. v. AOL Inc.*,
206 F.3d 980 (10th Cir. 2000) .......... 4

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
521 F.3d 1157 (9th Cir. 2008) .......... 1, 4

*FEC v. Wisc. Right to Life, Inc.*,
551 U.S. 449 (2007) .......... 4



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Fields v. Twitter, Inc.*,
No. 3:16-cv-00213-WHO, ECF No. 28 (N.D. Cal. Apr. 7, 2016) .......... 4

*Gonzalez v. Google, Inc.*,
No. 4:16-cv-03282-DMR, ECF No. 47 (N.D. Cal. Sep. 21, 2016) .......... 4

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) .......... 3

*Neal v. City of Bainbridge Island*,
2021 WL 2105301 (W.D. Wash. May 25, 2021) .......... 5

*Noah v. AOL Time Warner, Inc.*,
No. 1:02-cv-1316, ECF No. 31 (E.D. Va. May 7, 2003) .......... 4

*Onuoha v. Facebook, Inc.*,
2017 WL 11681325 (N.D. Cal. Apr. 7, 2017) .......... 4

*Palmucci v. Twitter, Inc.*,
No. 18-CV-1165, ECF No. 37 (N.D. Ill. Mar. 8, 2018) .......... 4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) .......... 4

*Towner v. A Place for Rover, Inc.*,
2026 WL 496744 (W.D. Wash. Feb. 23, 2026) (Whitehead, J.) .......... 1, 4, 5

*Universal Commc'n Sys., Inc. v. Lycos, Inc.*,
478 F.3d 413 (1st Cir. 2007) .......... 4

*Williams v. Washington*,
2023 WL 5579589 (W.D. Wash. Aug. 29, 2023) .......... 3, 5

*Wood v. McEwen*,
644 F.2d 797 (9th Cir. 1981) .......... 3, 4

*Zeiger v. Hotel Cal. by the Sea LLC*,
2022 WL 1499670 (W.D. Wash. May 12, 2022) .......... 3

**Federal Statutes**

18 U.S.C. § 1591 .......... 2, 5

18 U.S.C. § 1595 .......... 2, 5

47 U.S.C. § 230 .......... 1, 4, 5

**State Statutes**

RCW 7.72.030 .......... 2



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

RCW 9A.82.100 .......... 2



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Discord Inc. brings this renewed Motion for a Protective Order and Temporary Stay of Discovery to stay its deadlines to respond to Plaintiffs' requests for merits discovery pending the Court's decision on Discord's Motion to Dismiss the Second Amended Complaint, ECF No. 53.[1]

Discord's motion to dismiss is dispositive and provides good cause to enter a protective order. The request for early merits discovery is improper because Plaintiffs' claims are time-barred and, even if they were not, Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), protects Discord not just from "ultimate liability" but also speech-chilling "costly and protracted legal battles," including discovery. *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008). In fact, a federal court granted Discord a similar stay earlier this year, (*Doe v. Discord Inc.*, No. 1:25-cv-01789-DCN, ECF No. 36 (N.D. Ohio Dec. 5, 2025)), before applying Section 230 to dismiss materially identical claims with prejudice. *Doe v. Discord*, 2026 WL 1067574 (N.D. Ohio Apr. 20, 2026). The same course should be followed here. *See also Towner v. A Place for Rover, Inc.*, 2026 WL 496744, at *1-2 (W.D. Wash. Feb. 23, 2026) (Whitehead, J.) (granting stay of discovery pending motion to dismiss on Section 230 grounds); *Doe v. Reddit, Inc.*, 2021 WL 4348731, at *3-7 (C.D. Cal. July 12, 2021) (same).

# II. <u>RELEVANT BACKGROUND</u>

## A. <u>Factual Background</u>

Plaintiffs Colby Taylor and Leslie Taylor (the "Taylors") brought this action against Discord, both individually and as representatives of the Estate of Jay Taylor ("the Estate"), for claims arising from the death of their son. Plaintiffs allege that Jay Taylor communicated with another Discord user who manipulated him to take his own life. ECF No. 39-3 ("SAC") ¶¶ 107-

[1] This motion renews Discord's earlier motion for a protective order and to stay discovery pending disposition of its then-pending dispositive motions. *See* ECF No. 41. It is distinct from the request in Discord's motion to compel arbitration to stay the Taylors' *individual claims* pending arbitration. *See* ECF No. 19 at 16. That request—which the Court denied—sought to hold the non-arbitrable claims in abeyance pending arbitration of the estate's claims. This request is different. Like Discord's first motion for a protective order and stay of discovery, this motion only seeks a *limited stay of discovery* to secure Section 230's protections not just from liability but the burdens of litigation itself. Courts routinely grant such discovery stays because forcing a defendant to bear the burden and cost of discovery before a Section 230 motion is resolved undermines the very protection the statute provides.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

114. Discord recognizes the profound tragedy of the loss of Jay Taylor. Plaintiffs bring survivor claims on behalf of the Estate as well as claims in the Taylors' individual capacities for outrage, negligence, product liability, violation of Washington's trafficking statute, and violation of the federal trafficking statute. *Id.* ¶¶ 152-221.

**B. <u>Procedural Background</u>**

Plaintiffs filed their Complaint in Pierce County Superior Court on February 19, 2026, raising Washington state-law claims for common-law outrage; product liability under RCW 7.72.030(1)(a); product liability under RCW 7.72.030(1)(b) and (c); negligence; and trafficking under RCW 9A.82.100. ECF No. 1-1. Shortly after removing the case to this Court, ECF No. 1, Discord filed a Motion to Compel Arbitration, ECF No. 19, and a Motion to Dismiss, ECF No. 22.

On July 10, after Discord's motions were fully briefed, Plaintiffs filed a First Amended Complaint ("FAC") without seeking leave of the court. ECF No. 36. Discord moved to strike the FAC as untimely and procedurally improper, ECF No. 37, and Plaintiffs withdrew the FAC on July 28. ECF No. 38 ¶ 9. The next day, Plaintiffs served their First Set of Requests for Production, followed by a First Set of Interrogatories and Requests for Admission two days later. *See* ECF No. 42 ¶ 3. Discord requested from Plaintiffs that discovery be held in abeyance pending adjudication of Discord's motions, but Plaintiffs declined. *Id.* ¶¶ 4–5.

Plaintiffs then filed a Motion for Leave to File a Second Amended Complaint ("SAC") on August 14, adding one additional claim: federal trafficking under 18 U.S.C. §§ 1595 and 1591. *See* SAC ¶¶ 197–221. Discord did not oppose the SAC's filing, but it requested that the Court resolve its pending motion to compel arbitration before setting any renewed motion to dismiss briefing. ECF No. 46. Discord also filed a Motion for Protective Order and Temporary Stay of Discovery on August 21, arguing that its deadline to respond to Plaintiffs' requests for merits discovery should be stayed pending the Court's decision on the pending motions. ECF No. 41.

On September 14, the Court granted Discord's motion to compel arbitration as to the Estate's claims and stayed those claims pending arbitration, but denied Discord's request to stay the Taylors' individual claims pending resolution of the arbitration. ECF No. 50. The Court also



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

granted Plaintiffs' motion for leave to file their SAC—thereby denying as moot Discord's pending motion to dismiss and motion for protective order with leave to re-file. *Id.*

On September 28, 2026, Discord filed a Motion to Dismiss the Second Amended Complaint. ECF No. 53. As detailed in its challenge to Plaintiffs' original complaint, Discord's motion to dismiss the SAC confirms that dismissal is proper based on Section 230 of the Communications Decency Act, the First Amendment, the statute of limitations, and failure to state a claim on the merits. Because the SAC does not identify a viable theory against Discord, and with the Court's leave to file another request to stay proceedings, Discord renews its request that the Court stay discovery pending resolution of its pending motion to dismiss.

## III. LEGAL STANDARD

This Court has "wide discretion" over the discovery process, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and "may relieve a party of the burdens of discovery while a dispositive motion is pending." *Williams v. Washington*, 2023 WL 5579589, at *1 (W.D. Wash. Aug. 29, 2023) (granting motion to stay discovery pending motion to dismiss). "A stay of discovery is appropriate when a pending dispositive motion" is both (1) "potentially dispositive of the entire case" and (2) "can be decided without additional discovery." *Cox v. First Student Inc.*, 2025 WL 2933761, at *1 (W.D. Wash. Sep. 29, 2025) (citation omitted) (granting stay); *see also Zeiger v. Hotel Cal. by the Sea LLC*, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (same). The standard requires the court to take a "preliminary peek" at the merits of the motions. *Id.* This is not a demanding standard. Because a movant need only raise "a real question" that they will obtain the dispositive relief, *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981), a non-trivial chance of limiting "the scope of discovery"—even by obtaining partial relief—is enough. *Cox*, 2025 WL 2933761, at *2.

## IV. ARGUMENT

Discord's pending motion to dismiss the SAC satisfies the requirements for a stay of discovery because "[i]t is sounder practice to determine whether there is any reasonable likelihood



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

***The motion is dispositive as to the Taylors' claims.*** Among the independent threshold grounds for dismissal Discord raises against the SAC, ECF No. 53, Discord's Section 230 protections especially warrant a stay of discovery. These protections exist to promote free expression online, 47 U.S.C. § 230(b)(1)-(2), and like other First Amendment-based protections, they must be applied at the earliest stages of litigation with "minimal if any discovery, to allow parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation." *FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 469-70 (2007).

Courts thus regularly stay discovery when a defendant moves to dismiss under Section 230 because its protections are not merely protection from adverse judgments, but protections from having to bear the "cost[s]" of litigation. *Roommates.com*, 521 F.3d at 1175; *see, e.g.*, *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 416 (1st Cir. 2007) (affirming district court's decision to "not lift the stay on discovery" until pending motions to dismiss raising Section 230 could be heard); *Towner*, 2026 WL 496744, at *1-2 (staying discovery pending motion raising Section 230); *Bride v. Snap Inc.*, 2022 WL 17184600, at *3 (C.D. Cal. Oct. 21, 2022) (same); *Doe v. Reddit, Inc.*, 2021 WL 4348731, at *7 (C.D. Cal. July 12, 2021) (same); *Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (same); *Crosby v. Twitter, Inc.*, 2017 WL 11696939, at *1-2 (E.D. Mich. Mar. 1, 2017) (same); *Ezra, Weinstein, & Co. v. AOL Inc.*, 206 F.3d 980, 986 (10th Cir. 2000) (failing to stay discovery "would deny an interactive service provider the immunity authorized by the Communications Decency Act"); *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 & n.15 (D.D.C. 1998) (similar).[2]

Previewing the merits confirms that a stay is warranted as Discord has raised far more than a "real question" that Plaintiffs' claims are barred. *Wood*, 644 F.2d at 802 (affirming stay of

[2] Numerous other district courts have done the same. *See, e.g.*, *Colon v. Twitter, Inc.*, No. 6:18-cv-00515, ECF No. 90 (M.D. Fla. May 14, 2019); *Palmucci v. Twitter, Inc.*, No. 18-CV-1165, ECF No. 37 (N.D. Ill. Mar. 8, 2018); *Fields v. Twitter, Inc.*, No. 3:16-cv-00213-WHO, ECF No. 28 (N.D. Cal. Apr. 7, 2016); *Gonzalez v. Google, Inc.*, No. 4:16-cv-03282-DMR, ECF No. 47 (N.D. Cal. Sep. 21, 2016); *Doe v. Bates*, No. 5:05-cv-00091-DF-CMC, ECF No. 54 (E.D. Tex. Oct. 19, 2005); *Noah v. AOL Time Warner, Inc.*, No. 1:02-cv-1316, ECF No. 31 (E.D. Va. May 7, 2003).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

discovery); *e.g.*, *Neal v. City of Bainbridge Island*, 2021 WL 2105301, at *1 (W.D. Wash. May 25, 2021) (staying discovery where defendant raised "real question" that claims would be dismissed). A reasoned opinion from a federal court has already held that virtually identical claims against Discord were preempted by Section 230, *Discord*, 2026 WL 1067574, at *8-9, and it did so by applying Ninth Circuit precedents barring similar negligence, product liability, failure to warn, design defect, and sex trafficking claims about harms to minors—most notably *Doe v. Grindr Inc.*, 128 F.4th 1148, 1151-55 (9th Cir. 2025) and *Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1178-82 (9th Cir. 2024)—that bind this Court. And where, as here, a defendant has filed a motion that can resolve the entire case—or substantially change its scope—courts routinely stay discovery pending its resolution. *See, e.g.*, *Williams*, 2023 WL 5579589, at *1.

The SAC's addition of a federal trafficking claim does not change anything. Section 230 bars claims under 18 U.S.C. § 1595 where a plaintiff fails to "plead and prove that a defendant-website's own conduct" also violated 18 U.S.C. § 1591 and amounts to *criminal* sex trafficking. *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1146 (9th Cir. 2022). Nothing like that is alleged here. As explained in Discord's motion to dismiss, and just as the Ninth Circuit held in both *Reddit* and *Grindr*, 128 F.4th at 1155, the SAC does not allege that a commercial sex act ever occurred, let alone facts demonstrating that Discord *knowingly* directed or participated in and benefited from the *specific* acts to traffic the decedent (nor could it). ECF No. 53 at 23-25. Discord's motion remains dispositive of Plaintiffs' claims.

***The motion can be decided without the need for discovery.*** Discord's motion to dismiss presents several independently dispositive legal questions that require no discovery and indeed exist to be decided *before* any discovery is necessary. The parties already fully briefed Discord's motion to dismiss the original complaint without any discovery. Plaintiffs did not seek to take discovery to respond to any of Discord's motion to dismiss arguments. *Towner*, 2026 WL 496744, at *2 & n.1 (concluding that "no additional discovery is needed in order to rule on the pending motion to dismiss" under Section 230 and for failure to state a claim). And in their motion for leave to file the SAC, Plaintiffs suggested that Discord's challenge to the SAC could be limited to



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

supplemental briefing, confirming discovery is similarly unnecessary to resolve Discord's renewed motion to dismiss. ECF No. 39 at 3, 7-8.

## V. CONCLUSION

Discord respectfully requests an order granting its motion for a protective order, and to stay discovery pending its motion to dismiss.

Dated: September 28, 2026

By: *s/ Ambika Kumar**
Ambika Kumar

Adam S. Sieff (WSBA #59792)
Marcy Blattner Micale (*pro hac vice*)
Sam F. Cate-Gumpert (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Email: adamsieff@dwt.com
marcyblattnermicale@dwt.com
samcategumpert@dwt.com

Ambika Kumar (WSBA #38237)
Xiang Li (WSBA #52306)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: (206) 622-3150
Email: ambikakumar@dwt.com
xiangli@dwt.com

*Attorneys for Defendant Discord Inc.*

**I certify that this memorandum contains 2,077 words, in compliance with the Local Civil Rules.*