The Honorable Benjamin H. Settle

CORRIE YACKULIC LAW FIRM, PLLC
Corrie J. Yackulic, WSBA No. 16063
101 Yesler Way Suite 600
Seattle, WA 98104
Tel. 206-787-1915; Fax. 206-299-9725
corrie@cjylaw.com

C.A. GOLDBERG, PLLC
Carrie Goldberg (*pro hac vice*)
Naomi Leeds (*pro hac vice*)
Roshelle Firdman (*pro hac vice*)
16 Court Street, 33rd Floor
Bookly, NY 11241
Tel. 646-666-8908
carrie@cagoldberglaw.com
naomi@cagoldberglaw.com
roshelle@cagoldberglaw.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR; individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual<br><br>Plaintiffs,<br><br>vs.<br>DISCORD INC., a Delaware company,<br><br>Defendant(s). | No. 3:26-cv-05245-BHS<br><br>**PLAINTIFFS' OPPOSITION TO DISCORD'S RENEWED MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR: October 13, 2026** |

# TABLE OF CONTENTS

INTRODUCTION ..... 1

I. FACTUAL BACKGROUND ..... 3

A. Factual and Procedural Background ..... 3

B. The Parties' Discovery Negotiations ..... 4

II. LEGAL STANDARD ..... 4

III. ARGUMENT ..... 5

A. Discord Has Still Not Shown Good Cause for a Stay. ..... 5

B. The Pending Motion to Compel Arbitration Does Not Justify a Stay. ..... 6

C. The Pending Motion to Dismiss Does Not Justify an Indefinite Stay. ..... 7

D. Discord's Own Litigation Conduct Undercuts Its Motion. ..... 9

E. Discord's Bad Faith Discovery Conduct Should Not be Rewarded with a Stay ..... 10

F. The Balance of Equities Favors Proceeding With Discovery. ..... 11

G. A Stay Would Waste Judicial Resources, Not Conserve Them. ..... 12

IV. CONCLUSION ..... 12



C.A.GOLDBERG PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

**TABLE OF AUTHORITIES**

**Cases**

*Barnes v. Yahoo! Inc.*,
570 F.3d 1096, 1100-02 (9th Cir. 2009) .......... 7

*Calise v. Meta Platforms, Inc.*,
103 F.4th 732, 740 (9th Cir. 2024) .......... 9

*Cox v. First Student Inc.*,
2025 WL 2933761, at *1 (W.D. Wash. Sep. 29, 2025) .......... 5, 7

*Doe v. Discord Inc.*,
2026 WL 1067574 (N.D. Ohio Apr. 20, 2026) .......... 8

*Doe v. Grindr Inc.*,
128 F.4th 1148 (9th Cir. 2025) .......... 8

*Doe v. Internet Brands, Inc.*,
824 F.3d 846 (9th Cir. 2016) .......... 7, 8

*HUB Int'l Nw. LLC v. Larson*,
No. 2:22-CV-01418-TL, 2023 WL 2527150 (W.D. Wash. Mar. 15, 2023) .......... 5, 6, 10, 11

*In re Roman Catholic Archbishop of Portland in Or.*,
661 F.3d 417, 428 (9th Cir. 2011) .......... 12

*Lemmon v. Snap, Inc.*,
995 F.3d 1085, 1092 (9th Cir. 2021) .......... 7

*Lomibao v. AGC Biologics Inc.*,
No. 2:25-CV-00361-JHC, 2025 WL 2663178 (W.D. Wash. Sept. 17, 2025). .......... 5, 6



C.A.GOLDBERG PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

**Rules**

Federal Rules of Civil Procedure 26(b)(1) .......... 5

Federal Rules of Civil Procedure 26(c)(1) .......... passim



C.A.GOLDBERG PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

**INTRODUCTION**

Discord's evasion of discovery does not just delay litigation. It hides critical information from the Taylor family about their 13-year-old child's brutal death and Discord's full culpability. As Plaintiffs' pending Motion for Leave to Amend, Dkt. 39, sets out, Discord was hiding that it knew for at least six months prior to Jay's death, that his murderer, Shahriar Javan, was using Discord to harm children including the specific 12-year-old victim Javan commanded to induce Jay's death. By happenstance, the Taylors obtained a 40+ page report through an independent source only in July 2026 which proved Discord's prior actual knowledge of the two key actors who orchestrated Jay's death. This is the kind of information Discord wants to keep from the Taylors and the public.

Discord once again expects this Court to freeze all discovery indefinitely while the court reconsiders its decision on Discord's motion to compel arbitration and the motion to dismiss remains pending — motions Discord itself let sit fully briefed for over two months before ever raising a discovery dispute. The case was filed almost eight months ago, and Discord has treated its discovery obligations into this tragic case as a joke. Plaintiffs repeatedly refused to barter away discovery – including when Discord had been agreeable to a proposed briefing schedule for the two aforementioned motions, but only if Plaintiffs stayed discovery. Plaintiffs refused.

This motion is not a good-faith response to a genuine burden, but a litigation tactic to avoid producing the very information that bears directly on the claims in this case and on Discord's own pending motions — namely, what Discord knew about the 764 network's use of its platform to torture and kill children, when Discord knew it, and what Discord did or didn't do with that knowledge. As already pleaded, Discord's own Trust and Safety team made 58 CyberTipline reports concerning 764 between June and August 2021 — roughly six months before Jay Taylor's



C.A. GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

death — and the Dallas Police Department separately reported 764's activity on Discord during that same period. Compl. ¶¶ 27-28. Plaintiffs' pending motion for leave to file a Second Amended Complaint seeks to incorporate the Javan Discord Report and related evidence described above into the operative pleading.

Discord's request is also exploitative of the parties' own discovery negotiations. Discord requested and received a three-week courtesy extension on its discovery obligations in exchange for a reciprocal understanding that Plaintiffs would receive similar courtesies. *See* Decl. of Carrie Goldberg ("Goldberg Decl."), Exhibit C and ¶¶ 7-8, Dkt No. 45-1. When that informal accommodation proved insufficient for Discord's purposes, Discord proposed —unsuccessfully — that Plaintiffs simply agree not to pursue discovery at all while its motions were pending and later proposed that Plaintiffs defer discovery responses pending a protective-order motion Discord represented it could resolve quickly. Goldberg Decl. ¶ 9, Dkt No. 45-1. Plaintiffs rejected both proposals and expressly recommended against Discord filing a motion to halt discovery altogether. Goldberg Decl. ¶ 10. Discord filed a motion recasting its own rejected proposal as if it were compelled by law. That motion was mooted by the Court. Without a stay in effect, Discord nevertheless decided on its own to make a mockery of discovery obligations. *See* Goldberg Decl.

Discord's motion should be denied. Discord has not carried its burden to show good cause for a stay. Its arbitration motion, the decision for which is now being reconsidered as to the Estate's claims and which does not apply to Leslie and Colby's claims, does not freeze discovery, and its Section 230 motion to dismiss is neither so clearly dispositive nor so free of factual dispute as to justify halting discovery in a wrongful death case involving allegations that Discord had specific, documented notice of the predator who targeted Jay Taylor's Discord community months before his death.



C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

## I. FACTUAL BACKGROUND

### *A. Factual and Procedural Background*

Plaintiffs Colby Taylor and Leslie Taylor bring this action individually and as representatives of the Estate of their son, Jay Taylor, for claims arising from Jay's death after a leader of Discord's 764 sadistic cult commanded another child to make Jay die. Plaintiffs filed their Complaint in Pierce County Superior Court on February 19, 2026, and Discord removed to this Court on March 11, 2026. Dkt. 1. Discord filed a Motion to Compel Arbitration on the Estate's claims and to stay the individual claims of Colby and Leslie until arbitration on the Estate's claims concluded, Dkt. 19, and a Motion to Dismiss, Dkt. 22, on April 24, 2026. Both motions were fully briefed by June 9, 2026 — more than three and a half months before Discord filed the instant motion.

Plaintiffs filed a First Amended Complaint on July 10, 2026 ("FAC") immediately upon learning that Discord had actual specific knowledge of Jay's murderer and his history of abusing children on Discord – including the 12-year-old he involved in Jay's death. On July 28, 2026, upon realization of their filing deficiency, Plaintiffs voluntarily withdrew the FAC. Dkt. 38. On July 29, Plaintiffs served their First Set of Requests for Production, followed two days later by a First Set of Interrogatories and Requests for Admission. Sieff Decl. ¶ 3. Only at that point — after written discovery was actually pending — did Discord ask that discovery be held in abeyance. Plaintiffs declined that informal request. Sieff Decl. ¶¶ 4-5. On August 14, 2026, Plaintiffs moved for leave to file a Second Amended Complaint ("SAC") incorporating newly discovered evidence, Dkt. 39, noted for the same September 4, 2026, calendar date as this motion. On September 14, 2026, the court granted Discord's motion to arbitrate the Estate's claims and denied the stay of Leslie and Colby's claims. Dkt. 50. On September 28, 2026, Plaintiffs moved for reconsideration of the



C.A. GOLDBERG PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

September 14, 2026 Order because it mistakenly delegated the End Forced Arbitration Act ("EFAA") to the arbitrator. Dkt. 51. On October 2, 2026, Discord filed a Response agreeing that the End Forced Arbitration issue was the Court's to decide. Dkt. 55.

On September 28, 2026, Discord brought a renewed Motion for a Protective Order and Temporary Stay of Discovery to stay its deadlines to respond to Plaintiff's requests for merits discovery pending the Court's decision on Discord's Motion to Dismiss the Second Amended Complaint. Dkt 54.

***B. The Parties' Discovery Negotiations***

The parties jointly prepared and filed a Joint Status Report and discovery plan, exchanging drafts and redlines in good faith. Goldberg Decl. ¶¶ 5-6. When defense counsel requested a three-week extension on responding to Plaintiffs' discovery, Plaintiffs' counsel granted it — and further represented that Plaintiffs would extend the same courtesy to future discovery requests. Goldberg Decl., Exhibit C and ¶¶ 7-8. Then, Discord threatened to file for a Protective Order. Goldberg Decl., Exhibit C and ¶ 9.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 26(c)(1), a motion to stay discovery must demonstrate good cause and establish that continuing discovery would cause annoyance, oppression, undue burden, or expense. The mere pendency of a motion to dismiss does not, standing alone, justify a stay. The Court should instead consider whether the motion is genuinely capable of resolving the claims at issue, whether it can be decided without discovery, the burden and expense of the requested stay, the risk of prejudice or delay to the nonmoving party, and the interests of efficient case management. *Lomibao v. AGC Biologics Inc.,* No. 2:25-CV-00361-JHC, 2025 WL 2663178 (W.D. Wash. Sept. 17, 2025).



C.A. GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

Although the Court may take a preliminary look at the merits of the dispositive motion, discovery should proceed where the motion does not clearly threaten to dispose of the entire action or where discovery may inform the claims, defenses, or issues presented. Discovery is permitted concerning any nonprivileged matter relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, a stay is unwarranted absent a particularized showing that discovery would impose a concrete and undue burden that outweighs the opposing party's need for timely discovery. The Court may also deny a stay or impose narrower limitations where a blanket stay would prejudice the nonmoving party or unnecessarily delay resolution of the action. See *HUB Int'l Nw. LLC v. Larson*, No. 2:22-CV-01418-TL, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023).

Discord's own motion invokes a two-part "preliminary peek" formulation from *Cox v. First Student Inc.*, 2025 WL 2933761, at *1 (W.D. Wash. Sep. 29, 2025), asking whether a pending motion is potentially dispositive of the entire case and can be decided without additional discovery. That formulation is not in tension with the standard above; it is simply one court's articulation of the same discretionary inquiry, and it does not relieve Discord of its burden to make a particularized showing of concrete harm under Rule 26(c)(1). Framed either way, the burden remains on Discord, and a stay is the exception, not the default, whenever a dispositive motion happens to be pending.

## III. ARGUMENT

### *A. Discord Has Still Not Shown Good Cause for a Stay.*

Discord's motion rests almost entirely on the abstract proposition that arbitration and Section 230 both disfavor discovery in general. It offers no declaration establishing that responding to Plaintiffs' specific, targeted discovery requests would cause Discord annoyance, oppression,



C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

undue burden, or expense — only generalized invocations of the policies underlying arbitration and Section 230. Fed. R. Civ. P. 26(c)(1). That is not good cause. A movant under Rule 26(c) must do more than gesture at the general realities of litigation; it must make a particularized showing that the burden of proceeding outweighs Plaintiffs' need for timely discovery, and Discord has not attempted that showing here. See *HUB Int'l Nw. LLC v. Larson*, No. 2:22-CV-01418-TL, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023).

***B. The Pending Motion to Compel Arbitration Does Not Justify a Stay.***

Discord's motion to compel arbitration is not sufficiently meritorious that discovery must yield to it. Leslie and Colby's claims are proceeding in this Court. And in all likelihood, the Court will grant Plaintiffs' unchallenged motion to reconsider the Court's decision delegating the EFAA argument to the arbitrator. For the reasons set forth in Plaintiffs' Opposition to the Motion to Compel, the EFAA argument is likely to resolve in Plaintiffs' favor. Courts in the Ninth Circuit consider whether the pending motion could dispose of the case, whether it can be resolved without discovery, the potential prejudice and hardship to the parties, and the orderly administration of justice. *Lomibao v. AGC Biologics Inc.*, No. 2:25-CV-00361-JHC, 2025 WL 2663178, at *1 (W.D. Wash. Sept. 17, 2025). Unlike *Lomibao*, where the court stayed discovery because a fully-briefed summary-judgment motion would indisputably dispose of the *entire* case without any further discovery, *id.,* Discord's arbitration motion does not dispose of Jay's parents' claims, and its fact-bound Section 230 motion turns on what Discord knew and when — precisely the issues discovery is needed to develop.

*Cox* is likewise inapposite. In that garden-variety employment/contract dispute, the stay was warranted because the motion to compel could be decided on the single employment agreement attached to the complaint and the plaintiff identified no discovery needed to resolve it,



C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

whereas here Plaintiffs have raised genuinely disputed enforcement arguments and Discord's dispositive motions cannot be resolved without reaching the factual record. *Cox v. First Student Inc*., No. 3:25-CV-05497-DGE, 2025 WL 2933761 (W.D. Wash. Sept. 29, 2025).

Where Plaintiffs have raised substantial, genuinely disputed arguments concerning enforcement—including as to the Estate's claims—and Discord's motion has remained pending for months, the case-specific equities do not favor indefinitely freezing discovery in this wrongful-death action. See Fed. R. Civ. P. 26(c)(1).

Moreover, Discord's motion to compel arbitration pertains only to the Estate's claims. Yet, Discord wants to stay discovery for Leslie and Colby as well.

***C. The Pending Motion to Dismiss Does Not Justify an Indefinite Stay.***

For Discord's 12(b)(6) motion to be dispositive, this Court would have to find that the entirety of the Complaint should be dismissed with prejudice. For the same reasons set out at length in Plaintiffs' opposition to the motion to dismiss, Section 230 provides no immunity where, as here, a plaintiff's claims do not treat the defendant as the publisher or speaker of third-party content but instead arise from the defendant's own product design, its own affirmative conduct, and its own documented, self-generated knowledge of a specific criminal enterprise operating on its platform. *Barnes v. Yahoo! Inc*., 570 F.3d 1096, 1100-02 (9th Cir. 2009); *Doe v. Internet Brands, Inc*., 824 F.3d 846, 851, 853 (9th Cir. 2016); *Lemmon v. Snap, Inc*., 995 F.3d 1085, 1092 (9th Cir. 2021).

That is precisely the posture here. Discord's Trust and Safety team allegedly filed 58 CyberTipline reports documenting 764's activity on Discord between June and August 2021—months before Jay Taylor's death—and Discord allegedly received independent reports from the Dallas Police Department during the same period. Compl. ¶¶ 27–28. Discord's motion to dismiss



C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

relies heavily on *Doe v. Grindr Inc.*, 128 F.4th 1148 (9th Cir. 2025) and *Doe v. Discord Inc.*, 2026 WL 1067574 (N.D. Ohio Apr. 20, 2026), which Discord also cites in support of its motion to stay. But *Doe v. Grindr Inc.*, 128 F.4th 1148 (9th Cir. 2025) turned expressly on the plaintiff's failure to allege that Grindr had independent, documented knowledge of a specific conspiracy targeting users. The Ninth Circuit identified that absence of specific knowledge as the dispositive distinction from *Doe v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016); *Grindr*, 128 F.4th at 1154. Plaintiffs allege the opposite here: documented, self-generated knowledge of a named criminal organization that Discord had reported to federal and local law-enforcement authorities for months before Jay's death. *Doe v. Discord Inc.*, 2026 WL 1067574 (N.D. Ohio Apr. 20, 2026), likewise did not involve allegations that Discord had specific, self-generated, pre-event knowledge of a named predator. On the present allegations, Discord's own authorities do not establish that its Section 230 defense is so clearly meritorious that discovery should be frozen; if anything, they underscore why the nature and timing of Discord's knowledge must be developed through discovery.

This also defeats the second prong of the stay analysis. Discord's motion to dismiss is directed at the operative complaint as it currently stands. Plaintiffs' pending Motion for Leave to File a Second Amended Complaint, Dkt. 39, to incorporate specific facts that six months before Shahriar Javan orchestrated Jay's murder via Discord, Discord had specific knowledge that Javan was leading Discord's 764 child abuse cult and was preying on a specific 12-year-old child, L.S. As the proposed SAC details, Discord prepared a 40+ page report to NCMEC's CyberTipline about Javan and L.S. which forwarded it to German authorities on July 7, 2021, six and a half months before Jay's death. Yet, Discord continued to welcome both Javan and L.S. on its platform, resulting in Javan commanding L.S. to make Jay kill himself. Discord's request that the Court



C.A.GOLDBERG PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

decide the arbitration motion first and defer the SAC's effect on the motion to dismiss does not resolve this problem; it only postpones it.

Nor can Discord's motion be decided without regard to the underlying factual dispute. Whether Discord's conduct is properly characterized as that of a publisher deciding whether to exclude third-party content, or as a product manufacturer and platform operator whose own knowledge and design choices increased the risk of harm, is a fact-bound question the Ninth Circuit has instructed courts to resolve by examining what duty is actually at issue — not by assuming the answer. *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 740 (9th Cir. 2024). That inquiry, and the parallel causation and duty questions under Washington law, benefit from — rather than are resolved without — discovery into what Discord actually knew and when.

***D. Discord's Own Litigation Conduct Undercuts Its Motion.***

Discord's motion is also difficult to square with its own negotiating posture. Discord requested and received an informal accommodation on its discovery deadlines, on the express understanding that Plaintiffs would receive equivalent courtesy going forward. Goldberg Decl. ¶8. Discord then sought, twice, to convert that goodwill into a unilateral freeze on all discovery — first by asking Plaintiffs to simply forgo discovery while its motions were pending, and second by asking Plaintiffs to stand down pending a protective-order motion Discord represented would be resolved quickly. Goldberg Decl., Exhibit C. Plaintiffs rejected both requests and told Discord directly that filing this motion was not advisable. Goldberg Decl., Exhibit C and ¶10. Having had its position rejected in negotiation, Discord now asks this Court to impose exactly what Plaintiffs declined to agree to — a result the parties' own course of dealing shows was neither compelled nor necessary.



C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

Discord's assertion that any stay would be brief does not justify relief on this record. Plaintiffs filed this case almost eight months ago and have gotten no discovery, yet Discord identifies no fixed timetable for resolving either the motion to compel arbitration or the motion to dismiss. Courts have recognized that "[t]here is no guarantee that a stay would be 'short,'" and an indefinite stay may unnecessarily delay the litigation. *HUB Int'l Nw. v. Larson*, No. 2:22-CV-01418-TL, 2023 WL 2527150, at *4 (W.D. Wash. Mar. 15, 2023). Accordingly, Discord's unverified assurance of prompt resolution does not establish the particularized good cause required by Fed. R. Civ. P. 26(c)(1), nor does it support the narrowly tailored stay Discord requests. Discovery should proceed.

***E. Discord's Bad Faith Discovery Conduct Should Not be Rewarded with a Stay***

Discord is ostensibly granting its own stay on discovery. After sitting on Plaintiffs' Discovery demands for two months, on September 19, Discord finally served its Objections and Responses to Plaintiffs' First Set of Requests for Production. Exhibit D, "Discord's RFP Responses." On September 21, 2026, Discord served its Objections and Responses to Plaintiffs' First Set of Requests for Admission, Exhibit E, "Discord's RFA Responses," and its Objections and Responses to Plaintiffs' First Set of Interrogatories, Exhibit F, "Discord's Interrogatory Responses."

Discord's "objections and responses" contain no hint of substance. There is not one answer, admission, denial or production commitment. In all three sets, every specific response states objections only. None of the 14 interrogatories was answered. Neither RFA is admitted or denied. None of the 42 RFPs states whether Discord will produce anything, or whether documents are being withheld on the basis of the objections. Discord calls its own terms "vague" – such as "servers" "account" "server type" and "transparency reports." Exhibit F, Discord's Interrogatory



C.A.GOLDBERG PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

Responses ¶¶2, 4, 14. Discord calls the requests for specific information about specific accounts where Plaintiffs described exact usernames, email addresses, ESP user IDs, and IP addresses drawn from Discord's own reports to NCMEC too "vague" to answer. Exhibit D, Discord's RFP Responses ¶¶11-13, 16-17. Requests for two specific Channel IDs are objected to as vague because "all information . . . relating to" a channel is unclear" Exhibit D, Discord's RFP Responses ¶¶14-15. Discord boldly objects that communications with the decedent's family seek confidential, proprietary, or trade secret documents Exhibit D, Discord's RFP Responses ¶¶38. Discord refuses to produce insurance policies because it objects to producing them "beyond those required by Rule 26(a)(1)(A)(iv). Exhibit D, Discord's RFP Responses ¶41. But the request asks only for policies that may cover these claims which is essentially what that rule already requires Discord to disclose. These are but a subset of the absurdity of Discord's objections. All in all, Discord has already granted itself a discovery stay regardless of how this Court rules.

***F. The Balance of Equities Favors Proceeding With Discovery.***

This is a wrongful-death lawsuit brought by grieving parents seeking to understand the circumstances of their son's death and to hold accountable a platform they allege had specific advance notice of the predator responsible. Delay is not a neutral or costless outcome for Plaintiffs; it is itself a form of prejudice the Court may weigh against a stay. *HUB Int'l Nw. LLC v. Larson*, No. 2:22-CV-01418-TL, 2023 WL 2527150 (W.D. Wash. Mar. 15, 2023). Discord, by contrast, identifies no specific prejudice from proceeding with reasonably scoped discovery while its motions are decided — only the generic costs any litigant incurs in responding to discovery, which are not grounds for a protective order standing alone.

The public interest also favors allowing discovery to proceed. Plaintiffs' claims concern Discord's asserted knowledge of the 764 network—an enterprise the FBI has designated a tier-one



C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

terrorist threat and whose activity on Discord's platform prompted Congress to subpoena Discord's founder in January 2024. Compl. ¶ 74. Resolving what Discord knew, and when, serves the public interest in accountability for platforms that host and profit from online spaces allegedly used to target and exploit minors. See *In re Roman Catholic Archbishop of Portland in Or*., 661 F.3d 417, 428 (9th Cir. 2011) (recognizing the public's weighty interest in child safety and preventing sexual abuse). That interest is advanced by developing the factual record—not by indefinitely freezing discovery while Discord's motions remain pending. Thus, the public-interest considerations weigh against a stay.

***G. A Stay Would Waste Judicial Resources, Not Conserve Them.***

Staying discovery now does not create efficiency — it only guarantees that the parties and the Court will revisit the same discovery-timing question again once the pleadings are settled. The more efficient course is to allow discovery to proceed now, subject to the Court's ordinary case-management authority, rather than layering successive stays on top of successive rounds of motion practice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Discord's Motion for Protective Order and Temporary Stay of Discovery.

//

//

//

//

//

//



C.A.GOLDBERG
PLLC NEW YORK
16 COURT STREET, BROOKLYN, NY 11241 | 646.666.8908
WWW.CAGOLDBERGLAW.COM

Corrie Yackulic LAW FIRM PLLC
101 Yesler Way Suite 600, Seattle, WA 98104 · 206-787-1915 · www.cjylaw.com

**Dated** this 7th day of October, 2026

*I certify that this memorandum contains 4,018 words in compliance with Local Civil Rules.*

CORRIE YACKULIC LAW FIRM, PLLC

/s/ Corrie J. Yackulic
Corrie J. Yackulic, WSBA #16063
101 Yesler Way, Suite 600
Seattle, WA 98104
Tel. (206) 787-1915
corrie@cjylaw.com

C.A. GOLDBERG, PLLC

/s/ Carrie Goldberg
/s/ Naomi Leeds
/s/ Roshelle Firdman
Carrie Goldberg (*pro hac vice*)
Naomi Leeds (*pro hac vice*)
Roshelle Firdman *(pro hac vice)*
16 Court Street, 33rd Floor
Brooklyn, New York 11241
Tel. (646) 666-8908
carrie@cagoldberglaw.com
naomi@cagoldberglaw.com
roshelle@cagoldberglaw.com

*Attorneys for Plaintiff*