The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLBY TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual; LESLIE TAYLOR, individually and as a personal representative of the ESTATE OF JAY TAYLOR, a deceased individual,<br><br>Plaintiffs,<br><br>v.<br><br>DISCORD INC., a Delaware company,<br><br>Defendant. | No. 3:26-cv-05245-BHS<br><br>**DEFENDANT DISCORD INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR: October 26, 2026** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1
I. PLAINTIFFS' STATE-LAW CLAIMS ARE TIME-BARRED .......... 2
II. SECTION 230 BARS PLAINTIFFS' CLAIMS .......... 3
A. Each claim imposes a duty to moderate content. 3
B. The federal trafficking claim fails to trigger FOSTA's exemption. 7
III. THE FIRST AMENDMENT BARS PLAINTIFFS' CLAIMS .......... 9
IV. PLAINTIFFS CANNOT STATE ANY CLAIM .......... 9
A. No Proximate Causation. .......... 9
B. The Outrage Claim Fails. .......... 10
C. The Product Liability Claims Fail. .......... 11
D. The Negligence Claim Fails. .......... 11
E. The Washington Trafficking Claim Fails. .......... 12
CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 8

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) .......... 3, 5

*Bride v. Yolo Techs., Inc.*,
112 F.4th 1168 (9th Cir. 2024) .......... 3, 6, 7, 11

*Clark v. Evergreen Money Mortg. Co.*,
2025 WL 1635206 (W.D. Wash. 2025) .......... 2

*Croft v. Dolan*,
2025 WL 3720844 (9th Cir. 2025) .......... 8

*Crosby v. Twitter, Inc.*,
921 F.3d 617 (6th Cir. 2019) .......... 10

*Doe 1 v. Twitter, Inc.*,
148 F.4th 635 (9th Cir. 2025) .......... 8

*Doe No. 14 v. Internet Brands, Inc.*,
2016 WL 11824793 (C.D. Cal. 2016) .......... 12

*Doe v. Grindr Inc.*,
128 F.4th 1148 (9th Cir. 2025) .......... *passim*

*Doe v. Internet Brands, Inc.*,
824 F.3d 846 (9th Cir. 2016) .......... 1, 6, 7

*Doe v. MySpace, Inc.*,
528 F.3d 413 (5th Cir. 2008) .......... 4, 5

*Doe v. Reddit, Inc.*,
2021 WL 4348731 (C.D. Cal. 2021) .......... 7

*Doe v. WebGroup Czech Republic, AS*,
2026 WL 2334146 (9th Cir. 2026) .......... 8, 9

*Does 1-6 v. Reddit, Inc.*,
51 F.4th 1137 (9th Cir. 2022) .......... 8, 13

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
521 F.3d 1157 (9th Cir. 2008) .......... 3

*Fields v. Twitter, Inc.*,
881 F.3d 739 (9th Cir. 2018) .......... 9, 10

*Gonzalez v. Google LLC*,
2 F.4th 871 (9th Cir. 2021) .......... 6

*Herrick v. Grindr LLC*,
306 F. Supp. 3d 579 (S.D.N.Y. 2018), *aff'd*, 765 F. App'x 586 (2d Cir. 2019) .......... 4, 6, 7

*K.B. v. Backpage.com, LLC*,
768 F. Supp. 3d 1057 (N.D. Cal. 2025) .... 6

*L.W. v. Snap, Inc.*,
675 F. Supp. 3d 1087 (S.D. Cal. 2023) .... 6, 7

*Lemmon v. Snap, Inc.*,
995 F.3d 1085 (9th Cir. 2021) .... 6

*M.H. v. Omegle.com LLC*,
122 F.4th 1266 (11th Cir. 2024) .... 8

*M.L. v. craigslist Inc.*,
2021 WL 5217115 (W.D. Wash. 2021) .... 12

*M.L. v. craigslist Inc.*,
2022 WL 1210830 (W.D. Wash. 2022) .... 2, 3, 12

*McCarthy v. Amazon.com, Inc.*,
2026 WL 700531 (9th Cir. 2026) .... 10

*Nw. Env't Advocs. v. EPA*,
2015 WL 13938171 (W.D. Wash. 2015) .... 2

*Quinteros v. InnoGames*,
2022 WL 898560 (W.D. Wash. 2022), *aff'd*, 2024 WL 132241 (9th Cir. 2024) .... 11

*In re Soc. Media Addiction*,
702 F. Supp. 3d 809 (N.D. Cal. 2023) .... 11

*Smith v. California*,
361 U.S. 147 (1959) .... 9

*United States v. Todd*,
627 F.3d 329 (9th Cir. 2010) .... 8

*Zeran v. AOL, Inc.*,
129 F.3d 327 (4th Cir. 1997) .... 5, 6

**State Cases**

*Adgar v. Dinsmore*,
26 Wn. App. 2d 866 (2023) .... 10

*Azpitarte v. Sauve*,
172 Wn. App. 1050, 2013 WL 223042 (2013) .... 2

*In re Facebook, Inc.*,
625 S.W.3d 80 (Tex. 2021) .... 6, 7

*Lund v. Caple*,
100 Wn.2d 739 (1984) .... 11

*R.M. v. King Cnty.*,
31 Wn. App. 2d 1057, 2024 WL 3327025 (2024) .... 10

*Robb v. City of Seattle*,
176 Wn.2d 427 (2013) .... 11

*Scott v. Amazon.com, Inc.*,
6 Wn.3d 1 (2026) .......... 10

*Soc. Media Cases*,
2023 WL 6847378 (Cal. Super. Ct. 2023) .......... 11

*Washburn v. City of Fed. Way*,
178 Wn.2d 732 (2013) .......... 10

*Wozniak v. YouTube, LLC*,
100 Cal. App. 5th 893 (2024) .......... 6, 7

**Constitutional Provisions**

U.S. Const. amend. I .......... 1, 9

**Federal Statutes**

18 U.S.C. § 1591 .......... 7, 8, 12

18 U.S.C. § 1595 .......... 7, 8

47 U.S.C. § 230 .......... *passim*

**State Statutes**

RCW 9A.40.100 .......... 12

RCW 9A.82.100 .......... 2

**Other Authorities**

16 Wash. Prac., Tort Law & Prac. § 14:11 (5th ed.) .......... 11

## INTRODUCTION

Plaintiffs' claims are materially indistinguishable from the product liability, defective design, failure-to-warn, negligence, and sex trafficking claims the Ninth Circuit dismissed in *Doe v. Grindr Inc.*, 128 F.4th 1148 (9th Cir. 2025). Plaintiffs build their opposition on *Doe v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016). That case held that Section 230 did not bar a failure-to-warn claim against a website operator. The operator knew two men had been criminally charged with browsing its site to identify victims to contact offline. The men never posted anything on the site, and *Grindr* distinguished *Internet Brands*. It requires dismissal here.

Plaintiffs argue *Internet Brands* controls because Discord knew Javan, their son's abuser, had used its platform to message victims, and Discord had reported him to authorities. The *Grindr* plaintiff, relying on *Internet Brands*, also alleged Grindr knew predators used its platform to message victims[1] and failed to warn users or remedy its "defective design."[2] The Ninth Circuit rejected that theory. 128 F.4th at 1153-54. Unlike in *Internet Brands*—where there was no user content to moderate because the men never posted on the defendant's website—Grindr could avoid liability *only* by monitoring for and blocking profiles and messages published on its platform. *Id.* This case sits even further from *Internet Brands*. Plaintiffs do not fault Discord for ignoring Javan's messages and profiles, but for failing to catch and block all of them. That is precisely the type of liability Section 230 exists to foreclose—so that platforms like Discord voluntarily monitor for, find, and report bad actors like Javan without facing liability for imperfect results.

Plaintiffs' claims fail on other grounds. Their state-law claims are untimely because Plaintiffs' own submissions show they knew or should have known the basis for their claims. The First Amendment protects the unknowing publication of others' harmful content. And Discord's

---

[1] *Doe v. Grindr, Inc.*, No. 2:23-cv-02093-ODW-PD, ECF No. 36 ¶¶ 4, 42-43, 75-88, 157-66 (C.D. Cal. Apr. 27, 2023).

[2] Appellant's Reply Br., *Doe v. Grindr, Inc.*, No. 24-475, Doc 42.1 at 11-13 (9th Cir. July 31, 2024).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

cases—which Plaintiffs largely ignore—require dismissal under the common law.

What happened to Jay Taylor is terrible—and Discord works with law enforcement to prevent it and bring criminals like Javan to justice. But a messaging service may not be held liable for crimes allegedly facilitated by the messaging tools it provides.

## I. PLAINTIFFS' STATE-LAW CLAIMS ARE TIME-BARRED

Plaintiffs claim the discovery rule tolled the statutes of limitations because Plaintiffs did not have the "full factual record" underlying their claims until 2025. Dkt. 60 ("Opp.") at 6-7. But the standard is whether the plaintiff knew facts "that could reasonably be discovered through investigation of sources open to her." *Nw. Env't Advocs. v. EPA*, 2015 WL 13938171, at *7 (W.D. Wash. 2015) (failure to request documents that would have provided basis for claims precluded discovery rule). In an article attached to the declaration Plaintiffs submitted to support tolling, Plaintiffs admit they were aware, *before* their son's death, that he had encountered "chatrooms devoted to cutting on Discord," and, within days after, that his death had been streamed online. Dkt. 60-5 ("Taylor Decl. Ex. D") at 6-7. These facts were sufficient to trigger a duty to investigate. *See Azpitarte v. Sauve*, noted at 172 Wn. App. 1050, 2013 WL 223042, at *3 (2013) (unpublished) (no tolling; waiting for police report immaterial when facts could have been requested earlier); *Clark v. Evergreen Money Mortg. Co.*, 2025 WL 1635206, at *8 (W.D. Wash. 2025) (no investigation).

*M.L. v. craigslist, Inc.*, 2022 WL 1210830 (W.D. Wash. 2022), does not help Plaintiffs. There, a victim of childhood sexual abuse "was unable to understand that she was a victim of sex trafficking" until years later. *Id.* at *10. Plaintiffs' point that the FBI held Taylor's devices until 2025 is irrelevant. The discovery rule turns on knowing the essential facts, not having all the evidence.

Nor can Plaintiffs rely on criminal charges against Javan in Germany to toll the statute. RCW 9A.82.100(7)(b)(iv) tolls the statute only until "the final disposition of any criminal charges



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

relating to the offense." The SAC alleges no domestic charges related to Taylor. The tolling provision was designed to protect plaintiffs who must wait for domestic criminal proceedings to conclude before filing civil claims against the same defendant, *not* to indefinitely extend the limitations period against a different party.

**II. SECTION 230 BARS PLAINTIFFS' CLAIMS**

Plaintiffs agree Section 230 bars claims that would require Discord to exercise publishing functions, such as monitoring, removing, or blocking user content. *See* Opp. 9-10 (citing *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009)); Mot. 5-8 (same). Each claim alleges such duties. FOSTA does not save Plaintiffs' claims.

**A. Each claim imposes a duty to moderate content.**

Plaintiffs argue their claims concern Discord's "design and operational choices," not "whether a particular message should have been published." Opp. 9-10. Publishing duties are not so narrow. *See* Mot. 4-11; *see also Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008) ("any activity that can be boiled down to deciding whether to exclude" third-party content "is perforce immune under section 230"). The "choices" Plaintiffs fault are "permitting private communications between adults and minors," "choosing" the service's "moderation infrastructure," allowing users to post profiles and messages without "meaningful age and identity verification" (i.e., not filtering or blocking such content), not warning of dangers from other users, and "continuing to operate" after learning of 764, the criminal network that allegedly targeted Taylor. Opp. 9-10. Each involves "deciding whether to publish or to withdraw from publication third-party content," or "not mitigating" the harmful effects of user messages—protected decisions. *Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1176, 1180 (9th Cir. 2024) (Opp. 9, 12); *see* Mot. 5-8 (citing cases dismissing same theories). This Court reached the same conclusion on age and identity verification. *M.L.*, 2022 WL 1210830, at *2, *17.

Plaintiffs argue this case differs because Discord allegedly knew of 764 and Javan before



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

they preyed on Taylor. Opp. 11-12. The cases Discord cited—*Grindr*, 128 F.4th at 1151-55 (Mot. 6-7); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418-22 (5th Cir. 2008) (Mot. 7); *Herrick v. Grindr LLC*, 765 F. App'x 586, 588-91 (2d Cir. 2019) (Mot. 7)—rejected similar allegations:

| **SAC** | ***Grindr* (9th Cir.)** | ***MySpace* (5th Cir.)** | ***Herrick* (2d Cir.)** |
| --- | --- | --- | --- |
| Discord "has no age or identity verification systems," ¶ 9, refuses "to invest in commonsense safety measures. " ¶ 91. | Grindr lacks "effective age verification tools," other safety measures. *Grindr* FAC ¶ 107.[3] | MySpace lacked "basic safety measures," like age-verification. *MySpace*, 528 F.3d at 419, 421-22. | Grindr "lack[ed] safety features" to deter impersonating profiles. *Herrick*, 765 F. App'x at 590. |
| Discord "designed a platform structurally rife with obvious, risk-amplifying features" exposing children to exploitation. ¶¶ 3, 155. | Danger "inherent" in Grindr's "design" because it enabled adults to message minors. *Grindr* FAC ¶¶ 102-104. | MySpace "constructed a website" that endangered children by "allow[ing] people of any age to … indiscriminately communicate." *MySpace* Compl. ¶ 38.[4] | Grindr's "defective product" "lacks the basic software capabilities" to "detect abusive accounts," "exercise control of its product" or "protect its users." *Herrick* FAC ¶¶ 9, 79-80, 88-89, 109.[5] |
| Discord "prioritized profit above all else, refusing to invest in commonsense safety measures." ¶¶ 91, 177. | Grindr markets to minors because it "knowingly benefits financially ... by ... collecting ad revenue" from sex trafficking. *Grindr* FAC ¶¶ 35-44, 146. | MySpace recruits minors for revenue, does not limit their use of the service even knowing it means exposing them to predators. *MySpace* Compl. ¶¶ 11-13, 38-40. | Grindr eschews safety features and privacy protections for more revenue. *Herrick* FAC ¶¶ 35-37, 44. |
| Discord failed to warn of risks of online communities despite "notice and knowledge" of their actions. ¶ 178. | Grindr failed to warn users of the risks of sexual assault, despite prior public reports. *Grindr* FAC ¶¶ 78-86, 116-120. | MySpace knew of risks from prior criminal incidents and attorney-general letters. *MySpace* Compl. ¶¶ 14, 15-23, 38-42, 47-49. | Despite notice, Grindr failed to "warn users of the possibility [of] becoming a victim of violence and harassment." *Herrick* FAC ¶¶ 37, 66. |

No matter how the SAC packages the claims, each impermissibly obligates Discord to

[3] *Doe v. Grindr Inc.*, 2:23-cv-02093-ODW-PDx, ECF No. 36 (C.D. Cal. Apr. 27, 2023).
[4] *Doe v. MySpace, Inc.*, No. 1:06-cv-00983-SS, ECF No. 35-1 (W.D. Tex. Dec. 13, 2006).
[5] *Herrick v. Grindr LLC*, No. 1:17-CV-00932, ECF No. 34 (S.D.N.Y. Apr. 12, 2017).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

more perfectly monitor for, block, or remove user content.

***Negligence, outrage, and defective design***. Plaintiffs argue their negligence, outrage, and defective-design claims allege duties to take "reasonable measures" in response to a "known danger." Opp. 12. But that "danger" was *communications* between 764, Javan, and victims, meaning the "measures" Discord needed to take required *moderating content*. SAC ¶¶ 91, 183, 185 (listing "duties" to "maintain a safe … environment," "monitor … conduct on the platform"); *see also id.* ¶¶ 12, 44, 52-53, 60-62, 73, 76-77, 85 n.28, 91 (repeatedly targeting "hands-off" "content moderation"); *MySpace*, 528 F.3d at 419-20 (plaintiffs cannot evade Section 230 by framing claims in terms of "safety measures to protect minors").

Plaintiffs' allegation that Discord knew about and reported Javan does not change the result. Opp. 12. They still seek to hold Discord liable because Discord did not perfectly monitor for, find, block, and remove *all* user-generated profiles and messages Javan and 764 posted. SAC ¶¶ 28-29, 117-123. These allegations echo the negligent undertaking claim the Ninth Circuit rejected in *Barnes*. The plaintiff there alleged Yahoo failed to remove fake profiles and nude images that the service acknowledged and tried to block. 570 F.3d at 1098-99. Affirming dismissal, Judge O'Scannlain wrote that "the undertaking" Yahoo allegedly "failed to perform" was the "removal of the indecent profiles" and other known material it set out to remove. *Id.* at 1103. Because "removing content is something publishers do," "impos[ing] liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove." *Id.* Plaintiffs likewise seek to hold Discord liable for "the steps it allegedly took, but later supposedly abandoned," to find and block profiles and messages that Javan and 764 published. *Id.*

Section 230 protects services from liability for trying but failing to screen and block harmful material *even if they know of the material*. *See* Mot. 11-12. The seminal case, *Zeran v. AOL, Inc.*, 129 F.3d 327 (4th Cir. 1997) (Mot. 12), involved allegations that AOL knew of but



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

neglected to remove harmful material. The court explained that notice of harmful user-generated content "thrust[s]" a platform into its "publisher role," requiring it to find and block that content. *Id.* at 332-33; *see also, e.g.*, *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 585 (S.D.N.Y. 2018), *aff'd*, 765 F. App'x 586 (2d Cir. 2019) (dismissing claims Grindr knew about but failed to prevent plaintiff's ex-boyfriend—who had been reported at least 100 times—from repeatedly posting impersonating profiles); *Gonzalez v. Google LLC*, 2 F.4th 871, 881-82, 891-92 (9th Cir. 2021) (claims YouTube failed to prevent specific and known terrorists from posting content even after receiving complaints); *Wozniak v. YouTube, LLC*, 100 Cal. App. 5th 893, 900-01, 909-16 (2024) (claims YouTube failed to prevent known criminal scam); *L.W. v. Snap, Inc.*, 675 F. Supp. 3d 1087, 1093, 1095, 1097 (S.D. Cal. 2023) (claims Snap failed to stop a known sex offender from using platform to exchange CSAM). So too here. Plaintiffs' theory would thrust Discord into its publisher role, requiring it to monitor for, block, and remove content.

*Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021) (Opp. 10), does not counsel otherwise. That case concerned claims that an app feature allowing users to create a filtered image of their car's speed encouraged reckless driving. 995 F.3d at 1088-89. Because that risk existed even if users never published the image, the claims did not fault the app for failing to block or remove user content. *Grindr*, *Yolo*, and other courts have distinguished *Lemmon* on this basis. *See Grindr*, 128 F.4th at 1153; *Yolo*, 112 F.4th at 1180; *K.B. v. Backpage.com, LLC*, 768 F. Supp. 3d 1057, 1065-66 (N.D. Cal. 2025); *L.W.*, 675 F. Supp. 3d at 1097.

***Failure to warn.*** The failure-to-warn claim, too, would require Discord to monitor for and mitigate the effects of harmful user content. *See* Mot. 9-10; *In re Facebook, Inc.*, 625 S.W.3d 80, 93 (Tex. 2021) (alleged failure to implement safety measures, warn of resulting risk, seek to impose duty to better moderate harmful user content).

*Internet Brands* is distinguishable. There, the court held Section 230 did not bar a failure-to-warn claim against a model-finding website for not alerting users that two predators were



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

browsing its site to find victims and contacting the women off platform to arrange meet-ups. 824 F.3d at 848-49, 851. The predators never "transmitted any potentially harmful messages," or "posted anything to the website" at all. *Id.* at 851-52. And the website allegedly learned of the predators "from an outside source, not from monitoring postings." *Id.* at 849, 851. The SAC alleges the opposite: 764 members *communicated on Discord* to plot crimes. SAC ¶¶ 15-25, 117-128, 132. Plaintiffs say Discord's alleged knowledge was "self-generated" and came from Discord's own efforts to track and block their posts. Opp. 1, 11 (citing SAC ¶ 28). The asserted duty is to monitor for and warn of *user content*. *See Grindr*, 128 F.4th at 1154 (distinguishing *Internet Brands* on this basis); *Yolo*, 112 F.4th at 1180-81 (same); *In re Facebook*, 625 S.W.3d at 95 (same); *Herrick*, 765 F. App'x at 591 (same); *Wozniak*, 100 Cal. App. 5th at 914 (same); *L.W.*, 675 F. Supp. 3d at 1100 (same).

***Trafficking.*** Plaintiffs do not and cannot seriously dispute that their state trafficking claim alleges duties Section 230 forbids. *See* Mot. 10-11; Opp. 10, 13. The claim faults Discord for permitting "communications" that "facilitated" exploitation, SAC ¶ 190. *See, e.g.*, *Doe v. Reddit, Inc.*, 2021 WL 4348731, at *7 (C.D. Cal. 2021) (dismissing state trafficking claims that targeted service's decisions whether to remove child exploitation material).

**B. The federal trafficking claim fails to trigger FOSTA's exemption.**

Plaintiffs acknowledge their federal trafficking claim survives only if they plausibly allege that Discord's "own conduct violated § 1591." Opp. 13. They have not done so.

***No sex acts—much less commercial sex acts.*** Plaintiffs do not dispute failing to allege *any* sex act involving Taylor, commercial or otherwise. They instead argue that their claim survives because the "venture" from which Discord allegedly benefited "encompassed Javan's use of Discord" to coerce *others* to engage in commercial sex acts. Opp. 25. But 18 U.S.C. § 1595(a) provides a remedy only to the "victim of a violation" of § 1591—no one else.

***No direct perpetration.*** Plaintiffs identify no facts showing Discord intended to cause



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Taylor to engage in a known commercial sex act, Opp. 26, foreclosing their claim under 18 U.S.C. § 1591(a)(1). *See* Mot. 13 (citing *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) et al.). Plaintiffs' response that *Todd* and the other § 1591(a)(1) cases are inapposite because they allege civil claims under 18 U.S.C. § 1595 subject to the "ordinary plausibility standard," Opp. 26, is wrong: because their § 1595 claims arise under the FOSTA exception to Section 230, Plaintiffs must plausibly allege that Discord's conduct amounts to a criminal violation of § 1591. *See Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1141-42 (9th Cir. 2022). That requires plausible allegations that Discord intended to make Taylor engage in a known commercial sex act. *See Grindr*, 128 F.4th at 1155 (dismissing claim Grindr "knowingly introduces children to adults for in-person sexual encounters" as "not supported by any plausible factual allegations"); *M.H. v. Omegle.com LLC*, 122 F.4th 1266, 1275-76 (11th Cir. 2024) (similar). Far from alleging such an intent, Plaintiffs suggest Discord tried to *stop* Javan and 764 by reporting them to authorities. Moreover, Plaintiffs' rote recitation of the elements of a § 1591(a)(1) claim, Opp. 26 (quoting SAC ¶ 200), would fail even if Section 230 was not implicated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *e.g.*, *Croft v. Dolan*, 2025 WL 3720844, at *2 (9th Cir. 2025) (dismissing direct-perpetrator claim lacking plausible allegations defendant "intended to defraud" or coerce "her into … a commercial sex act").

***No beneficiary.*** Plaintiffs acknowledge the Ninth Circuit has repeatedly rejected § 1591(a)(2) claims against platforms for their users' misconduct. *See* Mot. 14 (citing cases); Opp. 26. But they claim those cases turned "on the absence of defendant-specific knowledge." Opp. 26. Not so. *See Reddit*, 51 F.4th at 1146 (rejecting claims that Reddit failed to remove harmful content despite hundreds of reports); *Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 643-45 (9th Cir. 2025) (claims based on Twitter's failure to remove posts containing child sexual abuse material despite repeated reports); *Doe v. WebGroup Czech Republic, AS*, 2026 WL 2334146, at *1-2 (9th Cir. 2026) (claims for failure to act even after reports over period of years). And in any event, Plaintiffs do not allege



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Discord knowingly and affirmatively acted to further Javan's sex trafficking venture, much less with knowledge or intent to benefit from it. *See Grindr*, 128 F.4th at 1155. Instead, Plaintiffs *admit* Discord reported him to police. *See id.* (allegation that Grindr tried to prevent adults from connecting with minors defeated plausibility of participation); *WebGroup*, 2026 WL 2334146, at *2 (allegation website removed reported videos made allegation that it knowingly participated in venture implausible).

## III. THE FIRST AMENDMENT BARS PLAINTIFFS' CLAIMS

Plaintiffs agree the First Amendment bars claims that would "eliminate[] the requirement that the distributor know the character of what it was distributing," but argue that Discord allegedly knew of 764's past activity and "refus[ed] to act" to prevent future harm. Opp. 14-15. That is not enough. Under this theory, the government could have prosecuted the bookseller in *Smith v. California*, 361 U.S. 147 (1959), for the sale of *another* obscene book because, after the first prosecution, the bookseller knew obscene content existed and should have prevented its dissemination. That is precisely what *Smith* prohibits because the only way to avoid liability would still be to pre-review all content. *Id.* at 153-54. The First Amendment permits liability only where the bookseller has actual knowledge of each book's contents—or in Discord's case, each harmful message. *Id.* at 154-55. Plaintiffs cannot escape this result by arguing their claims are about "designing a defective product" or "failing to warn of a danger." Opp. 15. The alleged "defect" and "danger" is the failure to remove third-party content. Mot. 15-16.

## IV. PLAINTIFFS CANNOT STATE ANY CLAIM

### A. No Proximate Causation.

Plaintiffs do not dispute their claims require proximate causation. They argue that Javan's criminal acts were foreseeable—and thus not a superseding cause—because Discord knew of and failed to stop him. Opp. 17. But such general knowledge is insufficient to show foreseeability. *See Fields v. Twitter, Inc.*, 881 F.3d 739, 747-48, 750 (9th Cir. 2018) (Mot. 17) (knowingly providing



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

accounts to ISIS not enough absent connection between perpetrator and Twitter); *Crosby v. Twitter, Inc.*, 921 F.3d 617, 622-25 (6th Cir. 2019) (Mot. 18).

Plaintiffs' cases (Opp. 16) reflect inapposite narrow exceptions to the rule that "[c]riminal conduct is generally unforeseeable." *Washburn v. City of Fed. Way*, 178 Wn.2d 732, 739, 741, 757 (2013) (death foreseeable where police left woman with known violent partner); *Adgar v. Dinsmore*, 26 Wn.App.2d 866, 879, 888 (2023) (injury foreseeable where owner left truck with obviously drunk person). Plaintiffs do not allege Discord knew Javan was abusing Taylor, only that Discord knew Javan used Discord—like the failed allegations in *Fields* and *Crosby*.

*Scott v. Amazon.com, Inc.*, 6 Wn.3d 1 (2026) (Opp. 17), does not help. Applying Washington's pleading standard—under which even "hypothetical facts" may be considered—the Court held that a suicide *alone* did not break the causal chain when Amazon allegedly promoted and sold substances used for suicide. *Id.* at 8, 13. The question here is not whether suicide categorically breaks the causal chain, but whether the deliberate criminal conduct of third parties is a superseding cause. *See Washburn*, 178 Wn.2d at 739, 741; Mot. 15. *McCarthy v. Amazon.com, Inc.*, 2026 WL 700531 (9th Cir. 2026) (unpublished), too, involved the defendant's own product used in a suicide, with no intervening criminal conduct. The SAC does not allege the connection needed to make Javan's crimes foreseeable to Discord.

**B. The Outrage Claim Fails.**

The SAC does not plausibly allege intentional or reckless conduct directed at Plaintiffs or Taylor, or the physical presence necessary to support their personal claims. Mot. 17-18.

***No direction.*** Plaintiffs argue that directedness requires aiming conduct at a particular audience, not a specific person. Opp. 19. Not so. *See, e.g., R.M. v. King County*, 31 Wn.App.2d 1057, 2024 WL 3327025, at *5 (2024).

***Not outrageous.*** Plaintiffs fail to establish that Discord's alleged wrongdoing—failing to monitor for and block content used to contact victims—is actionably "outrageous." Mot. 18-19.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Tortious or even criminal intent—even if "characterized by malice"—is not enough. 16 Wash. Prac., Tort Law & Prac. § 14:11 (5th ed.).

***No physical presence.*** Plaintiffs do not dispute they were not physically present or that such "presence is a crucial element … when the conduct is directed at a third person." *Lund v. Caple*, 100 Wn.2d 739, 742 (1984). To the extent Plaintiffs argue Discord directed conduct toward *them*, they fail to allege outrageous conduct or specific direction.

**C. The Product Liability Claims Fail.**

***Discord is not a product.*** Plaintiffs do not dispute that product liability does not apply to publishing, nor address Discord's cases *refusing* to treat online services as products. Plaintiffs argue Discord provides "commercially distributed software." Opp. 20. So did the services in Discord's cases. *See, e.g.*, *Quinteros v. InnoGames*, 2022 WL 898560, at *2 (W.D. Wash. 2022), *aff'd*, 2024 WL 132241 (9th Cir. 2024) (dismissing claims under Washington law that an online game was responsible for plaintiff's harassment). Plaintiffs' sole case, *In re Social Media Addiction*, 702 F. Supp. 3d 809, 849-54 (N.D. Cal. 2023), found only that certain app features could be products under California law. Plaintiffs identify no such features here and ignore that another California court disagreed. *Soc. Media Cases*, 2023 WL 6847378, at *15-21 (Cal. Super. Ct. 2023).

***Obvious alleged risks.*** Plaintiffs dispute that dangers of online interactions are obvious, arguing Taylor was a child who lacked the capacity to understand. Opp. 18. But they have no answer to *Yolo*, which rejected similar claims as to *minors*. *Yolo*, 112 F.4th at 1181. Plaintiffs also *concede* they and Taylor were aware of dangers *on Discord*. Taylor Decl. Ex. D at 6-7.

**D. The Negligence Claim Fails.**

The Opposition relies on a "general duty to exercise reasonable care" to avoid foreseeable risks. Opp. 21. But Plaintiffs' authority affirms a special relationship is required where, as here, the allegations sound in nonfeasance. *Robb v. City of Seattle*, 176 Wn.2d 427, 436 (2013). The



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

SAC identifies no such relationship. Nor can Discord's operation of a communications platform be characterized as misfeasance, Mot. 22-23—as Plaintiffs' own authority shows. *See Doe No. 14 v. Internet Brands, Inc.*, 2016 WL 11824793, at *4 (C.D. Cal. 2016) ("allowing members to continue using the … website without warning them of the rape scheme does not, by itself, constitute the creation of the risk").

**E. The Washington Trafficking Claim Fails.**

***No labor, servitude, or sex acts.*** Plaintiffs do not dispute that the SAC fails to allege Taylor participated in any qualifying act—labor, servitude, or sex—required to state a trafficking claim. RCW 9A.40.100(1), (3). This omission is dispositive. Mot. 23-24.

***No trafficking conduct.*** Plaintiffs claim Discord trafficked Taylor by providing and maintaining a communications service through which third parties "recruited" Taylor. Opp. 24. But the object of the statute's operative verbs is "another person." RCW 9A.40.100(1), (3); Mot. 23. Read in context, these verbs contemplate custody or control over a human being. There are no plausible allegations that Discord "provided" or "maintained" Taylor's person or "recruited" Taylor to do anything. At most, Plaintiffs allege Discord marketed its service to young people everywhere. SAC ¶¶ 3, 32, 47, 54. *Grindr* rejected this interpretation of 18 U.S.C. § 1591's similar definitions. 128 F.4th at 1155.

***No knowing trafficking.*** Plaintiffs argue they have sufficiently alleged the "defendant-specific knowledge" (Opp. 24) this Court found missing in *M.L.*, 2022 WL 1210830. But there, the Court dismissed RCW 9A.40.100-based claims because the plaintiff failed to allege craigslist knew the *plaintiff* was being trafficked. *M.L. v. craigslist Inc.*, 2021 WL 5217115, at *8 (W.D. Wash. 2021), *adopted in relevant part by* 2022 WL 1210830. Plaintiffs likewise fail to allege *plaintiff-specific* knowledge.

***No knowing benefit.*** Plaintiffs argue Discord "financially benefited from maintaining the platform." Opp. 24. But this merely claims that ad revenue is a knowing benefit. *See Grindr*, 128



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

F.4th at 1155-56; *Reddit*, 51 F.4th at 1145-46 (both rejecting this theory). Plaintiffs do not allege Discord knowingly benefited from Taylor's alleged trafficking.

**CONCLUSION**

Discord respectfully seeks an order dismissing Plaintiffs' claims with prejudice.

Dated: October 26, 2026

By: */s/ Ambika Kumar*
Ambika Kumar

Adam S. Sieff (WSBA #59792)
Marcy Blattner Micale (*pro hac vice*)
Sam F. Cate-Gumpert (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Email: adamsieff@dwt.com
marcyblattnermicale@dwt.com
samcategumpert@dwt.com

Ambika Kumar (WSBA #38237)
Xiang Li (WSBA #52306)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: (206) 622-3150
Email: ambikakumar@dwt.com
xiangli@dwt.com

*Attorneys for Defendant Discord Inc.*

*I certify that this memorandum contains 4,186 words, in compliance with the Local Civil Rules.*